STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPREME COURT

THE HARTFORD INSURANCE COMPANY, As Subrogee of ALBERTO CARVALHAL :

VS. :

C.A. NO.: PC 06- 3734

GENERAL ELECTRIC COMPANY, and MIDEA USA, INC. :

**COMPLAINT**

NOW COMES Plaintiff, The Hartford Insurance Company (hereinafter "The Hartford") by and through its undersigned counsel, and hereby demands judgment against Defendants General Electric Company (hereinafter "GE") and Midea USA, Inc. (hereinafter "Midea"), and in support thereof avers as follows:

1. Plaintiff, The Hartford, is a corporation organized an existing under the laws of the State of Connecticut which at all times material hereto was duly authorized to issue insurance policies in the State of Rhode Island.
2. Defendant GE is a corporation authorized to conduct business within the State of Rhode Island with its principal place of business located at 1 River Road, Schenectady, New York 12345.
3. Defendant Midea is a corporation, not registered to do business within the State of Rhode Island, with its principal place of business located at 2100 North Highway 360, Grand Prairie, Texas 75050 but having sufficient minimum contacts to confer jurisdiction.

## GENERAL ALLEGATIONS

4. The Hartford's insured, Alberto Carvalhal, at all times mentioned herein was the owner of residential property known as 76 Willet Avenue, East Providence, Rhode Island (hereinafter referred to as "the premises").

5. Prior to February 27, 2004, The Hartford issued a policy of insurance to Alberto Carvalhal, Policy Number 55 RBB 669273, which provided insurance coverage for the premises.

6. At all times material hereto, GE was a manufacturer and distributor of home appliances.

7. At all times material hereto, Midea was a manufacturer of home appliances.

8. At all times material hereto, the premises was equipped with a General Electric water dispenser, model number GXCF05D, which was manufactured by Midea and distributed by GE.

9. On or about February 27, 2004, a fire originated in the kitchen area of the premises.

10. The aforementioned fire was caused by a failure within the General Electric water dispenser.

11. The damage to the premises was in excess of $250,000.

12. Pursuant to the terms and conditions of the policy, The Hartford made payments to Alberto Carvalhal.

13. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, The Hartford is

subrogated to the rights of its insured to the extent of its payments to Alberto Carvalhal.

**COUNT I**

**NEGLIGENCE/PRODUCT LIABILITY**

**(General Electric Company)**

14. The Hartford incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

15. The aforementioned failure of the water dispenser and resulting damages were a direct and proximate result of the negligence, carelessness and negligent omissions of GE in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including The Hartford's insured herein;

b. failing to adequately warn The Hartford's insured of the defects in the water dispenser when GE knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary

corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

16. As a direct and proximate result of GE's designing, manufacturing, distributing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

**COUNT II**

**BREACH OF EXPRESS WARRANTY**

**(General Electric Company)**

17. The Hartford incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

18. GE, by virtue of advertisements, promotional literature, and/or sales brochures, made certain express warranties to the general public, and to The Hartford's insured in particular, that the water dispenser was safe and free from defects.

19. GE breached its express warranties in:

   a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including The Hartford's insured herein;

   b. failing to adequately warn The Hartford's insured of the defects in the water dispenser when GE knew or should have known of the defects and that they constituted a danger;

   c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

   d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would

have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

20. As a direct and proximate result of GE's breach of its express warranties by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

**COUNT III**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(General Electric Company)**

21. The Hartford incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

22. GE impliedly warranted that the water dispenser was of merchantable quality.

23. GE breached its implied warranty of mechantability in:

    a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including The Hartford's insured herein;

    b. failing to adequately warn The Hartford's insured of the defects in the water dispenser when GE knew or should have known of the defects and that they constituted a danger;

    c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

    d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

20. As a direct and proximate result of GE's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

**COUNT III**

**NEGLIGENCE/PRODUCT LIABILITY**

**(Midea USA, Inc.)**

25. The Hartford incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

26. The aforementioned failure of the water dispenser and resulting damages were a direct and proximate result of the negligence, carelessness and negligent omissions of Midea in:

   a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including The Hartford's insured herein;

   b. failing to adequately warn The Hartford's insured of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

   c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

   d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and

which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

27. As a direct and proximate result of Midea's designing, manufacturing, distributing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

**COUNT V**

**BREACH OF EXPRESS WARRANTY**

**(Midea USA, Inc.)**

28. The Hartford incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

29. Midea, by virtue of advertisements, promotional literature, and/or sales brochures, made certain express warranties to the general public, and to The Hartford's insured in particular, that the water dispenser was safe and free from defects.

30. Midea breached its express warranties in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including The Hartford's insured herein;

b. failing to adequately warn The Hartford's insured of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary

corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

31. As a direct and proximate result of Midea's breach of its express warranties by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

**COUNT VI**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(Midea USA, Inc.)**

32. The Hartford incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

33. Midea impliedly warranted that the water dispenser was of merchantable quality.

34. Midea breached its implied warranty of mechantability in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including The Hartford's insured herein;

b. failing to adequately warn The Hartford's insured of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

35. As a direct and proximate result of Midea's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

WHEREFORE, the plaintiff, The Hartford Insurance Company, demands judgment in its favor against defendants, General Electric Company and Media USA,

Inc. in an amount sufficient to confer jurisdiction with this Court plus interest, costs and such other and further relief as this court may deem appropriate.

Plaintiff, The Hartford Insurance Company,
By its attorneys,

Richard A. van Tienhoven- #2628
Kevin S. Cotter - #3112
van Tienhoven & Cotter, Limited
312 South Main Street
Providence, RI 02903
(401) 454-5350
(401) 454-5170 Fax

OF COUNSEL:
Erik Loftus, Esq.
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 fax

Dated: July 14, 2006