UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, As Subrogee of Alberto Carvalhal | : | |
| v. | : | C.A. No.: 06-362S |
| GENERAL ELECTRIC COMPANY and MIDEA USA, INC. | : | |

**STATEMENT OF THE PLAINTIFF'S CLAIMS**

The plaintiff, pursuant to the Court's September 13, 2006, Notice of Pretrial Conference, submits its written statement enumerating the elements of its claims, along with citations to relevant authorities. The plaintiff has filed a six count Complaint against the two defendants alleging negligence/product liability, breach of express warranty, and breach of implied warranty of merchantability.

**A. ELEMENTS OF PROOF FOR PRODUCT LIABILITY**
(Counts I and IV)

A defendant is strictly liable under a claim of product liability for harm suffered by an ultimate user or consumer if it:

(1) sells a product in a defective condition unreasonably dangerous;

(2) the defendant is engaged in the business of selling such a product;

(3) the product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold;

(4) the plaintiff has the burden of proving a defect in the design or manufacture that makes the product unsafe for its intended use; and

(5) the plaintiff has the burden of proving that the plaintiff's injury was proximately caused by this defect.

Olshansky v. Rehrig International, 872 A.2d 282, 287 (R.I. 2005).

**The Hartford Insurance Company, As Subrogee of Alberto Carvalho**
***v.* General Electric Company and Midea USA, Inc.**
**CA No. 06-362**

## B. ELEMENTS OF PROOF FOR NEGLIGENCE
(Counts I and IV)

A defendant will be liable under a claim of negligence if the plaintiff proves:

(1) a legally cognizable duty owed by a defendant to a plaintiff;

(2) a breach of that duty;

(3) proximate causation between the conduct and the resulting injury;

(4) actual loss or damage; and

(5) expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond common knowledge.

Olshansky v. Rehrig International, 872 A.2d 282, 289 (R.I. 2005).

## C. ELEMENTS OF PROOF FOR BREACH OF EXPRESS WARRANTY
(Counts II and V)

A defendant will be liable under a claim of breach of express warranty if the plaintiff proves that:

(1) an express warranty, as defined in G.L.1956 § 6A-2-313 was made by the seller;

(2) statements or representations made by the seller induced her to purchase a product; and

(3) that she relied upon such statements or representations.

G.L.1956 § 6A-2-313 provides, in relevant part:

"(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he or she have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."

Thomas v. Amway Corp., 488 A.2d 716, 719-20 (R.I. 1985).

## D. ELEMENTS OF PROOF FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(Counts III and VI)

A defendant will be liable under a claim of breach of implied warranty of merchantability if the plaintiff proves a product of fair average quality does not pass in the trade and is unfit for the ordinary purpose for which it is used.

General Laws 1956 § 6A-2-314 provides the basis for this type of claim. G.L.1956 § 6A-2-314 provides, in relevant part:

(1) Unless excluded or modified (§ 6A-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

(2) Goods to be merchantable must be at least such as:

(a) Pass without objection in the trade under the contract description; and

(b) In the case of fungible goods, are of fair average quality within the description; and

(c) Are fit for the ordinary purposes for which such goods are used; and

(d) Run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved; and

(e) Are adequately contained, packaged, and labeled as the agreement may require; and

(f) Conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (§ 6A-2-316), other implied warranties may arise from course of dealing or usage of trade."

Thomas v. Amway Corp., 488 A.2d 716, 719 (R.I. 1985).

THE HARTFORD INSURANCE COMPANY
By its attorneys,

/s/ Richard A. van Tienhoven, Esq.
van Tienhoven & Cotter, Ltd.
312 South Main Street
Providence, RI 02903
(401) 454-5350
(401) 454-5170 fax
ravt.ksc@conversent.net

/s/ Erik Loftus, Esq.
Law Office of Stuart Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 fax
eloftus@sbcglobal.net

Dated: October 11, 2006