THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL | : | |
| | : | |
| vs. | : | C06-362 S (LDA) |
| | : | |
| GENERAL ELECTRIC COMPANY, and MIDEA USA, INC. | : | |

**PLAINTIFF'S RESPONSE MEMORANDUM IN SUPPORT OF HER MOTION TO AMEND COMPLAINT**

On March 23, 2007, Plaintiff filed with this Court a Motion to Amend her Complaint. While Plaintiff's Motion to Amend did attach a copy of the proposed Amended Complaint, it did not contain a memorandum in support of the Motion. Defendants have filed an objection to Plaintiff's Motion to Amend and argue primarily that this Court should deny the motion for Plaintiff's failure to comply with LR Cv 15 requiring the submission of a supporting memorandum explaining how the proposed Amended Complaint differs from the original and why such an amendment is necessary. Although Plaintiff acknowledges that her counsel did not file a supporting memorandum explaining the differences in the Amended Complaint and its necessity, Defendants were, prior to Plaintiff's filing of the Motion to Amend, fully aware of the reasons why the Motion was filed and the specific nature of the differences therein.

Plaintiff's Amended Complaint contains only one minor change from its original form in that it seeks to specifically define and otherwise limit Plaintiff's claim for damages in this case. While the original Complaint, removed from Providence County

Superior Court, broadly plead that Plaintiff was "damaged" as a result of the Defendants' conduct, the Amended Complaint simply seeks to narrowly define the nature of Plaintiff's damages and limit the same to only those for the emotional distress, aggravation, annoyance, discomfort and inconvenience ("emotional distress"). This element of damages was disclosed to the Defendants prior to the settlement conference before Magistrate Judge Almond on March 5, 2007 and was specifically included in Plaintiff's Mediation Statement submitted in connection with the settlement conference. Indeed, this aspect of Plaintiff's claim was discussed as an important part of the settlement conference. At the conclusion of the settlement conference, Magistrate Judge Almond and the Defendants were specifically advised that Plaintiff would be filing a Motion to Amend the original Complaint to specifically set forth the issue of damages as it relates to the emotional distress claim. Moreover, prior to the actual filing of the Motion to Amend, Plaintiff's counsel had a lengthy telephone conference with Defendants' local counsel advising him of the reasons why the Motion to Amend would be filed and the nature of the Amendment.

Defendants' counsel cites no case law affirming the proposition that Plaintiff's technical failure to comply with LR Cv 15 is fatal to the Motion to Amend. To the extent that Plaintiff failed to file a supporting memorandum pursuant to LR Cv 15, in the first instance, Plaintiff respectfully requests that this Court, in the interests of justice, allow Plaintiff to cure that technical failure with the filing of this Response Memorandum as the same contains all of the necessary information required by the rule.

Moreover, Federal Rule of Civil Procedure 15(a) specifically provides that a party may amend a pleading by leave of court and that "leave shall be freely given when justice

so requires." *Fed. R. Civ. P. 15(a). See McDonald v. Hall*, 579 F.2d 120, 121 (1978). While ruling on a motion to amend is within the sound discretion of the trial court, amendments under Rule 15(a) are liberally granted and "some justification is required for a refusal." *Ondis v. Barrows*, 538 F.2d 904, 909 (1976).

Defendants' argument that the instant matter is too deep into discovery does not overcome the liberality of Rule 15(a). Defendants' position that they have been or will be prejudiced by the granting of Plaintiff's Motion to Amend because the case is too deep into the discovery process is somewhat disingenuous. The only Discovery that has taken place in this case with respect to Plaintiff Carvalhal's claims are the depositions of Mrs. Carvalhal and her son, Peter, late in February, 2007. These depositions were convened on only several days notice at the request of Defendants' counsel and under the guise that the same were absolutely necessary prior to the March 5, 2007 settlement conference so that the Defendants could evaluate and provide settlement authority. (Exhibit A – e mail correspondence with Defendants' counsel). Plaintiff made every effort to accommodate opposing counsel to schedule the deposition on short notice and outside of the ordinary course of litigation based upon these representations. Despite taking Defendants' counsel at his word and making every effort to accommodate his request to immediately schedule these depositions, no offer to settle the case has been made.

Moreover, as it relates to the discovery issues, Defendants chose to depose the Plaintiff and her son ***prior*** to propounding any written discovery. Indeed, Defendants first propounded interrogatories and document requests to the Plaintiff on or about March 15, 2007. Plaintiff is in the process of responding to these discovery requests, which will

no doubt clearly identify and explain, among other things, the issue of damages that is more narrowly defined in the proposed Amended Complaint.

Prior to the filing of Plaintiff's Motion to Amend, Defendant's counsel already made a request on March 5, 2007 to re-depose Eugenia Carvalhal and to take the depositions of her daughters in connection with this litigation as he was well aware that Plaintiff intended to file a Motion to Amend the Complaint. (Exhibit B- e mail communication from Defendants' counsel).

Defendants have in no way been prejudiced by the Motion to Amend and the suggestion that they have is a misrepresentation of the current state of discovery in this case. Defendants have in no way demonstrated any valid or compelling legal basis to override the broad and liberal standard of Rule 15(a) that applies to a party's request to amend its pleadings. In the interests of justice and consistent with Rule 15, Plaintiff should not be denied the opportunity to amend her Complaint to narrow and clarify her claim for damages in this case.

Plaintiff,
By Her Attorneys,

**D'AMICO • BURCHFIELD, LLP**

**/s/ Robert A. D'Amico II, Esq.**
**/s/ Mark W. Dana, Esq.**

Robert A. D'Amico, Esq. #4595
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212
(401) 454-1233 fax

## CERTIFICATION

I hereby certify that on this 30th day of March, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system.

Dominick W. Savaiano, Esq.
Rodd E. Elges, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Joseph-Anthony DiMaio, Esq.
McKennon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Erik Loftus
Law Offices of Stuart Blackburn
PO Box 608
Windsor Locks, CT 06096

/s/ Robert A. D'Amico, II, Esq.____