THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL | : | |
| | : | |
| vs. | : | C06-362 S (LDA) |
| | : | C07-007 S (LDA) |
| GENERAL ELECTRIC COMPANY, and MIDEA USA, INC. | : | |

**PLAINTIFF, EUGENIA CARVAHAL'S OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

Now comes the Plaintiff, Eugenia Carvalhal, and hereby objects to the Defendants' Motion for an Extension of Time to Complete Discovery. In support thereof Defendants rely on the attached memorandum.

Plaintiff,
By Her Attorneys,

**D'AMICO • BURCHFIELD, LLP**

**/s/ Robert A. D'Amico II, Esq.**
**/s/ Mark W. Dana, Esq.**

Robert A. D'Amico, Esq. #4595
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212
(401) 454-1233 fax

# CERTIFICATION

I hereby certify that on this 7th day of April, 2007, a true copy of the within document was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

Dominick W. Savaiano, Esq.
Rodd E. Elges, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Joseph-Anthony DiMaio, Esq.
McKennon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Erik Loftus
Law Offices of Stuart Blackburn
PO Box 608
Windsor Locks, CT 06096

/s/ Robert A. D'Amico, II, Esq.____

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL | : | |
| | : | |
| vs. | : | C06-362 S (LDA) |
| | : | C07-007 S (LDA) |
| GENERAL ELECTRIC COMPANY, and MIDEA USA, INC. | : | |

**MEMORANDUM OF PLAINTIFF, EUGENIA CARVALHAL, IN SUPPORT OF HER OBJECTION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY**

On April 4, 2007, Defendants filed a Motion for Extension of Time to Complete Discovery through April 30, 2007. This is the second time that the Defendants have requested that the discovery deadlines be extended. The original deadline for discovery was to be closed on or about February 16, 2007 and, with the partial consent of the parties, Defendants previous request was extended to April 16, 2007. During the (60) sixty day extension of the original discovery deadline, Defendants deposed 2 witnesses, Eugenia Carvalhal and her son Peter. Those depositions were not formally noticed in accordance with the rules of civil procedure and the first request, by e-mail, to take those depositions was on February 20, 2007. It was the position of defense counsel at that time that he could not make any offer at the upcoming settlement conference before Magistrate Judge Almond on March 5, 2007 unless those depositions were taken. After re-arranging several schedules, those depositions were taken on February 26, 2007, just (6) six days after the original request. Defendants then appeared at the settlement conference and made no offer of settlement.

Within days of the settlement conference, Defendants stated that they intended to take several more depositions. One month passed and Defendants made no effort to schedule any of the depositions that they say were needed in this case. Defendants did, however, propound additional written discovery in mid March to all of the Plaintiffs in this case. Only two weeks prior to the deadline for discovery, Defendants' counsel attempted to scramble the parties into action to take no less than 5 depositions, including the depositions of three experts, without regard to the busy schedule of the experts themselves or the busy schedules of opposing counsel. Plaintiff, Eugenia Carvalhal's, counsel advised of specific dates that he was not available for depositions, but Defendants' counsel nevertheless scheduled three expert depositions on one of those dates of unavailability. At the same time, Defendants filed the instant Motion.

The case has been pending since August of 2006 and the individuals that the Defendants now seek to depose have been known to Defendants and otherwise identified by The Hartford Insurance Company as their experts since well prior to any pending litigation in this case. Prior to April 2, 2007, Defendants' counsel made no effort whatsoever to schedule the depositions of the proposed deponents. Typical of Defendant's conduct in this case, they have waited until the eleventh hour in a hectic effort to scramble many people from various locations to conduct no less than five depositions. The fact that Plaintiff Eugenia Carvalhal filed her Amended Complaint in this case is of no significance to the Defendants' eleventh hour attempt to yet again extend discovery. Magistrate Judge Almond has already granted Defendants leave to re-depose Eugenia Carvalhal and none of the other witnesses that Defendants now seek to depose have any bearing on the minor issue addressed in the Amended Complaint.

There is no valid excuse for Defendants' failure to comply with the reasonable discovery deadlines that have been in place since the inception of the case. Moreover, even if this Court were to grant Defendants Motion, Defendants attempt to conduct the depositions nevertheless fails to comport with the reasonable notice requirements of Fed. R. Civ. P. 30 (b) (1).

The only reason that these depositions need to be conducted on such short notice is to accommodate Defendants' counsel and his dilatory conduct in failing to properly notice or otherwise schedule depositions with the convenience of all counsel and the fact that he is litigating this matter from the State of Illinois. There is no emergency need for the Defendants' to conduct these depositions on such short notice and Defendants' dilatory conduct in failing to properly schedule these depositions in a timely fashion well within the standard discovery deadlines should not be rewarded with an eleventh hour extension of the discovery deadlines.

Plaintiff,
By Her Attorneys,

**D'AMICO • BURCHFIELD, LLP**

**/s/ Robert A. D'Amico II, Esq.**
**/s/ Mark W. Dana, Esq.**

Robert A. D'Amico, Esq. #4595
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212
(401) 454-1233 fax

**CERTIFICATION**

I hereby certify that on this 7th day of April, 2007, a true copy of the within document was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

Dominick W. Savaiano, Esq.
Rodd E. Elges, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Joseph-Anthony DiMaio, Esq.
McKennon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Erik Loftus
Law Offices of Stuart Blackburn
PO Box 608
Windsor Locks, CT 06096

/s/ Robert A. D'Amico, II, Esq.____