# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee of ALBERTO CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY<br>and<br>MIDEA USA, INC.<br><br>Defendant | ) | No. CA 06 362 S (LDA) |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

1. Please provide the names, addresses, dates of birth and social security numbers of the individuals answering these Interrogatories.

**ANSWER:**

Susan Houston, CCLA
The Hartford – Property CRO
PO Box 958457
Lake Mary, FL 23795

2. Identify all persons who provided information or assisted in the preparation of these Answers to Interrogatories and identify all documents relied upon in formulating these Answers to Interrogatories.

**ANSWER:**

Beyond the assistance of counsel, none. All documents previously disclosed under cover dated September 18, 2006.

3. State the names, addresses, and identities of all persons known to you, your attorney or agent, who have knowledge of any facts or information concerning any matters alleged in the Complaint.

**ANSWER:**

Hossein Davoodi, CFI
National Fire Protection Association
Quincy, MA
(508) 916-0148

Ara Nalbandian, PE
Thielsch Engineering
195 Frances Avenue
Cranston, RI 02910
(401) 467-6454

Michael Cooney
Thielsch Engineering
195 Frances Avenue
Cranston, RI 02910
(401) 467-6454

Alberto Carvalhal
76 Willet Avenue
East Providence, RI 02915

Eugenia Carvalhal
76 Willet Avenue
East Providence, RI 02915

David Moses
The Hartford
PO Box 380
Ellington, CT 06029

Kevin Murphy
Rhode Island Office of the Fire Marshal
24 Conway Avenue
North Kingston, RI

Michael Jones
East Providence Police Department
East Providence, RI

A&J Construction
10 Julian Street
Providence, RI 02909
(401) 273-7194

Peter Carvalhal
21 Gesler Street
Providence,RI 02909

Providence Fire Restoration, Inc.
PO Box 15145
Providence, RI 02915
(401) 725-3380

Museum Quality Fabric Restoration
380 Warwick Avenue Rear
Warwick, RI 02888
(401) 461-1709

4. Have you, your attorney, or agent obtained any statements from any individual regarding the alleged value of the subject property, allegedly destroyed by the fire? If so, for each statement, provide the following information:

a. The name and address of each person from whom the statement was obtained;

b. The date and place the statement was obtained;

c. Whether the statement was written or oral;

d. The name and address of the person who obtained the statement; and

e. The name and address of any court reporter or other witness who was present and recorded the statement.

**ANSWER:**

All "statements" sought are in the form of replacement/repair estimates included in the documents disclosed under cover dated September 18, 2006. No other "statements" have been obtained.

5. Have you retained any expert(s), other than as a "consultant", to testify on your behalf at trial or to assist you in any other way? If so, for each retained expert, state:

a. The expert's area(s) of expertise;

b. The expert's qualifications, including curriculum vitae and/or resume, if any; and

c. The conclusions and/or opinions and bases therefore [sic], including whether written reports have been prepared by the expert(s) and if so, attach copies of the reports.

**ANSWER:**

Hossein Davoodi

a. Cause and origin investigation

b. Mr. Davoodi's CV was disclosed with the Plaintiff's expert disclosure dated December 13, 2006. Mr. Davoodi's fee rate is $250/hour. No list of testimony is available.

c. The origin of the fire was the southeast side of the Carvalhal kitchen where the water dispenser was located. The cause of the fire was the ignition of insulating material surrounding the heating element of the water dispenser as a result of malfunctioning of the heating element. Other opinions contained in his report dated September 10, 2004, disclosed under cover dated September 18, 2006.

Ara Nalbandian
Michael Cooney

a. Engineering

b. Mr. Cooney's CV, fee schedule and list of testimony were disclosed with the Plaintiff's expert disclosure dated December 13, 2006. Mr. Nalbandian's CV and fee schedule were disclosed with the Plaintiff's expert disclosure dated December 13, 2006. Mr. Nalbandian's list of testimony will be provided in the future.

c. The water dispenser involved in the fire was improperly designed and/or assembeled so that the heater coil of the water dispenser generated sufficient heat to cause localized burning and the resulting fire. Other opinions contained in their report dated September 29, 2004 disclosed under cover dated September 18, 2006.

6. State where and when Alberto Carvalhal purchased the GE Smart/Water Hot & Cold Water Dispenser, Model GXCFO5D (hereinafter "Water Dispenser").

**ANSWER:**

Based on information provided by the insured, the water dispenser was purchased in late spring, 2003 at The Home Depot, Seekonk, MA.

7. State the make and model of any and all items attached to the Water Dispenser not included with the unit when purchased. Further state where and when such attachments were purchased, and when said items were added to the Water Dispenser.

**ANSWER:**

The water bottle attached to the water dispenser was a Sunbeam Water Filtration System – Model #J1000, which included a cover, filtration mask, fabric filter ceramic disk, rubber ring, inner bucket, replaceable filter, outer bucket, and a single check valve. Upon information and belief, the water filtration system was purchased at the same time as the water dispenser.

8. Identify the policy number, policyholder, policy date and policy subject for any insurance policies held by Alberto Carvalhal relating to the Water Dispenser and/or the Carvalhal residence.

**ANSWER:**

Property & Casualty Insurance Company of Hartford
Policy # 55RBB669273

Policy Date 03/01/03
Homeowner's Insurance Policy for 76 Willet Avenue, East Providence, RI

9. Identify any and all problems and/or complaints experienced by Alberto Carvalhal with the Water Dispenser prior to the fire at issue.

**ANSWER:**

The Carvalhals had not experienced any problems with the water dispenser prior to the fire except that they indicate that the hot water dispensed was not very hot.

10. Identify any and all appliances, and/or other potential ignition sources, and their location within the kitchen of the Carvalhal residence on the day of the fire.

**ANSWER:**

All other potential ignition sources besides the water dispenser were eliminated. There were no electrical appliances in the area of origin. Heat damaged appliances not in the area of origin were a coffeemaker, microwave, toaster oven, and mixer.

11. State when Hartford Insurance Company first became aware of the claim by Alberto Carvalhal for damage to his residence caused by the fire.

**ANSWER:**

The Hartford received word that the fire loss occurred on or about March 1, 2004.

12. For any and all post-fire investigation(s) or inspections of the fire scene done by Hartford Insurance Company, its agents, or on its behalf, provide the following information:

a. The names and addresses of the investigator at the fire scene;

b. The date of the post-fire investigation;

c. The names and addresses of the employer of the investigator at the fire scene;

d. The names and addresses of the individual or entity requesting the post-fire investigation;

e. The names and addresses of any individuals present during the post-fire investigation, who were not the investigator; and

f. The dates of any reports prepared based on the post-fire investigation, and if such reports exist, attach copies of same.

**ANSWER:**

a. Hossein Davoodi, National Fire Protection Association, Quincy, MA
b. March 3, 2004
c. Crawford Investigations, Worcester, MA
d. David Moses, The Hartford Ins. Co., PO Box 380, Ellington, CT
e. Alberto & Eugenia Carvalhal, Peter Carvalhal, other associates of the Carvalhal family.
f. September 10, 2004 report, disclosed under cover dated September 18, 2006.

13. Identify any and all names and addresses of individuals or entities, who authorized modification, remediation, clean up and/or any other alteration of the fire scene, and the date(s) when said authorization(s) were issued.

**ANSWER:**

Sometime after the March 3, 2004 inspection, The Hartford and its insured, Alberto Carvalhal authorized the commencement of clean-up and restoration work.

14. State any and all dates on when any modification, remediation, clean up and/or any other alteration of the fire scene occurred, and the name, employer, and address of any person(s) in said activities.

**ANSWER:**

Providence Fire Restoration, Inc., PO Box 15145, Providence, RI 02915, was retained on March 4, 2004 by Alberto Carvalhal to begin clean-up and restoration work. It is believed that they began their work on March 4, 2004 or shortly thereafter. Other entities were retained after this date to perform building repairs and contents repairs including A&J Construction and Museum Quality Fabric Restoration. All invoices and estimates were disclosed under cover dated September 18, 2006.

15. State the conclusion(s) of the post-accident investigation(s) as to the source of the fire in the Carvalhal residence, and describe any and all sources of information supporting or serving as a basis for the conclusion(s) set forth by the post-accident investigation(s).

**ANSWER:**

Hossein Davoodi determined that the origin of the fire was the southeast side of the Carvalhal kitchen where the water dispenser was located. The cause of the fire was the ignition of insulating material surrounding the heating element of the water dispenser as a result of malfunctioning of the heating element. Other opinions, and the bases for these opinions are contained in his report dated September 10, 2004, disclosed under cover dated September 18, 2006.

Ara Nalbandian and Mike Cooney determined that the water dispenser involved in the fire was improperly designed and/or assembled so that the heater coil of the water dispenser generated sufficient heat to cause localized burning and the resulting fire. Other opinions, and the bases for these opinions are contained in their report dated September 29, 2004 disclosed under cover dated September 18, 2006.

16. State the date(s) and place(s) of any and all meetings between Hartford Insurance Company and/or its agents and the fire department, and identify the names and addresses of the representatives from the fire department who were present at the above mentioned meeting(s).

**ANSWER:**

a. Preliminary telephone interview of Fire Marshal Kevin Murphy by Hossein Davoodi.

b. May 7, 2004 inspection at the Office of the Fire Marshal (Rhode Island).
Present:
Hossein Davoodi
Fire Marshal Kevin Murphy
Lt. Charles Scott III, Assistant Fire Marshal
Det. Michael Jone, East Providence Police Dept.
Vincent Calenda, EFI
Ara Nalbandian

17. Identify the current location of the Water Dispenser and all other materials, samples. appliances or other items removed from the fire scene. If applicable, state by whom and on what date such evidence was discarded or destroyed.

**ANSWER:**

The water dispenser is currently located at Thielsch Engineering, 195 Frances Road, Cranston, RI.

All other evidence removed from scene was in the possession of Crawford Investigations, but is currently located at Thielsch Engineering, 195 Frances Road, Cranston, RI.

18. Identify the address and the owner(s) of any and all residence(s) where Alberto Carvalhal resided after the fire, and the amount of rent paid for said temporary housing.

**ANSWER:**

21 Gesler Street, 3rd Floor, Providence, RI - $2000/month, owned by Peter Carvalhal.

19. Identify the names and current addresses of anyone residing at, or present at, the fire scene at any time on February 27, 2004.

**ANSWER:**

Alberto & Eugenia Carvalhal, 76 Willet Ave., East Providence, RI

20. Were any appliances or electrical devices other than the Water Dispenser being used at the Carvalhal residence on February 27, 2004? If so, identify said appliances or electrical devices.

**ANSWER:**

No.

21. Did Plaintiff instruct anyone not to discard or alter the fire scene or the evidence located at the fire scene. If so, identify the person who did the instructing and the person or persons instructed, as well as the date(s) when said communication occurred.

**ANSWER:**

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous, and requests information prepared in anticipation of litigation.

Notwithstanding the foregoing, the fire scene, after the fire extinguishing efforts, was not altered until after the March 3, 2004 inspection. On March 4, 2004; Alberto Carvalhal retained Providence Fire Restoration, Inc. to begin clean-up and restoration work on the premises. It is believed that their work commenced on March 4, 2004 or shortly thereafter.

22. Identify the date Plaintiffs or their subrogors first believed the Defendants' water dispenser might be a possible cause of the fire.

**ANSWER:**

Upon information and belief, the Providence Fire Department determined the water dispenser was the source of the fire on February 27, 2004. The Plaintiff confirmed that determination at the March 3, 2004 inspection.

23. Identify who (or whom) assembled and installed the Water Dispenser and on what date these activities took place.

**ANSWER:**

Alberto Carvalhal.

24. Were any warnings and warranties provided with the Water Dispenser when it was purchased and was this product purchased by the Plaintiff or the subrogee? If so, produce said warnings and warranties

**ANSWER:**

Objection. The Plaintiff objects to this interrogatory on the grounds that the Defendant is better able to provide the requested documents than the Plaintiff. The Defendant is the manufacturer and distributor of the water dispenser and has full knowledge of the warnings, disclaimers and/or any other documentation that would have accompanied the water dispenser.

Notwithstanding this objection, Alberto Carvalhal purchased the water dispenser and any warning received with it are no longer able to be located or were destroyed in the fire.

25. What other electrical items were plugged into any outlets located in the kitchen, other than the Water Dispenser, on February 27, 2004 at the fire scene? If any testing has been performed on these items, identify who (or whom) performed said testing, when the testing occurred, and any and all results or conclusions resulting from the testing.

**ANSWER:**

Upon information and belief, the only other appliances that were plugged into an outlet the day of the fire were the refrigerator and the gas stove.

26. Have any tests been performed upon the Sears brand dehumidifier, AM/FM cassette player, and mixer found at the fire scene? If so, identify who (or whom)

performed said testing, when the testing occurred, any and all results or conclusions, and produce copies of any resultant report(s).

**ANSWER:**

The Plaintiff has no information on these items at this time. There does not appear to be any reference to these types of items in any investigative report reviewed by the Plaintiff.

27. Have Plaintiffs, or anyone acting on their behalf, interviewed or obtained statements whether oral or written, from any person concerning the occurrence as set forth in the Complaint, if so, identify all persons present for the statement or the interview, the date and place the statement or interview and the transcript or summary of the statement or interview.

**ANSWER:**

No.

28. Describe any and all sources of information supporting or serving as a basis for the allegations set forth in the Complaint not previously identified as part of the responses to the interrogatories propounded herein.

**ANSWER:**

None.

29. Identify any statements, information, and/or documents known to you and requested by any of the foregoing interrogatories, which you claim to be work product or subject to any common law or statutory privilege, and, with respect to each interrogatory, specify the legal basis for the claim as required.

**ANSWER:**

None.

Dated: December 21, 2006

THE PLAINTIFF

By________________________

Erik Loftus, Esq.
Law Office of Stuart Blackburn
Two Concorde Way
PO Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 fax.
eloftus@sbcglobal.net

## CERTIFICATION

THIS IS TO CERTIFY THAT, I, Susan Houston, have read the foregoing answers to Interrogatories and state that they are true and accurate to the best of my knowledge and belief under pains and penalties of perjury on this 19th day of December, 2006.

Susan K Houston

STATE OF FLORIDA )
) ss: 19th, December, 2006
COUNTY OF Seminole )

On this 19th day of December, 2006, personally appeared Susan Houston, who affirmed under oath and truth, to the best of his/her knowledge and belief, of the foregoing answers to interrogatories and also acknowledged her execution of the above.

In witness thereof, I hereunto set my hand and official seal.

Andrew C Colby
Commissioner of the Superior Court
Notary Public

Andrew C Colby
My Commission DD344314
Expires August 05, 2008

## CERTIFICATION

I hereby certify that a copy of the PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES have been mailed this 22nd day of December, 2006, first class mail, postage prepaid to the following:

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(General Electric Company)

Kevin S. Cotter, Esq.
Van Tienhoven & Cotter
312 South Main Street
Providence, RI 02903
(Hartford Ins. Co.)

Dominick Savaiano, Esq.
Rodd Elges, Esq.
Clausen Miller P.C.
10 South LaSalle Street
Chicago, IL 60603
(General Electric Company)

Erik Loftus, Esq.