# EXHIBIT B

# RESIDENTIAL LEASE

BY THIS AGREEMENT made and entered into on **03-01-04** between **ALBERTO CARVALHAL,** herein referred to as Lessee, and **PETER CARVALHAL,** herein referred to as Lessor. Lessor leases to Lessee the premises situated at 21 Gesler Street, in the City of Providence State of Rhode Island and more particularly described as follows **3RD FLOOR APARTMENT** together with all appurtenances, for a term of **One year**, to commence on **03-01, 2004** and to end on **03-01, 2005.**

1. **Rent.** Lessee agrees to pay, without demand, to Lessor as rent for the demised premises the sum of $2,000.00 per month in advance on the first day of each calendar month beginning **March 1, 2004. Payments will be made payable to Peter Carvalhal, 21 Gesler Street 3rd Floor, Providence, RI 02903** or at such other place as Lessor may designate.

2. **Delinquent Rent Payments.** If Lessor fails to receive lessee's monthly rent installment within five (5) days of the due date lessee will be charged a **late payment fee of $50.00**. No demand for rent, either written or oral, is required. If any part of the rent is due and in arrears for fifteen (15) days, Lessor will send the Lessee a written notice specifying the mount for rent in arrears, making demand for same and notifying Lessee that unless the Lessee pays the amount in arrears with in five (5) days from the mailing fo the notice, this lease will terminate and eviction proceedings will commence.

3. **Notice and Extension of Lease.** This lease expires on the date stated herein unless the Lessor shall, in writing, extend the term. The Lessor must receive, at least forty-five (45) days prior to the end of the term, a written notice from Lessee requesting such an extension of the term. This notice must be sent to the office where the rent is paid. This provision does not give Lessee any right to hold over at the expiration of the term. If the Lessee remains in possession without the Lessor's consent after expiration of the term of this lease, the Lessor may commence an eviction action.

4. **Security Deposit.** On execution of this lease, Lessee deposits with Lessor, $2,000.00 receipt of which is acknowledged by Lessor, as security for the faithful performance by Lessee of the terms hereof, to be returned to Lessee, without interest, on the full and faithful performance by him of the provisions hereof.

5. **Quiet Enjoyment.** Lessor covenants that on paying the rent and performing the covenants herein contained, Lessee shall peacefully and quietly have, hold and enjoy the demised premises for the agreed term.

6. **Use of Premises.** The demised premises shall be used and occupied by Lessee exclusively as a private single family residence, and neither the premises nor any part thereof shall be used at any time during the term of this lease by Lessee for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than

as a private single family residence. Lessee shall comply with all the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the demised premises, and the sidewalks connected thereto, during the term of this lease.

7. **Disturbing Noises**. Lessee and any person(s) on the premises with lessee's consent agrees not to disturb neighbors' peaceful enjoyment of the premises. Lessee agrees not to make or permit to be made any disturbing noises. Lessee shall keep the volume of any radio, stereo, TV, or musical instrument in the dwelling sufficiently reduced at all times, so as not to disturb other tenants in the building. Lessee shall not conduct or permit to be conducted vocal or instrumental practice or instruction in the premises.

8. **Number of Occupants**. Lessor agrees that the demised premises shall be occupied by 2 OCCUPANTS only, with no changes to the occupancy without the written consent of Lessor.

9. **Condition of Premises**. Lessee stipulates that he has examined the demised premises, including the grounds and all buildings and improvements, and that they are, at the time of this lease, in good order, repair, and a safe, clean and tenantable condition.

10. **Assignment and Subletting**. Without the prior written consent of Lessor, Lessee shall not assign this lease, or sublet or grant any concession or license to use the premises or any part thereof. A consent by Lessor to one assignment, subletting, concession, or license shall not be deemed to be a consent to any subsequent assignment, subletting, concession, or license. An assignment, subletting, concession or license without the prior written consent of Lessor, or an assignment of subletting by operation of law, shall be void and shall, at Lessor's option, terminate this lease.

11. **Alternations and Improvements**. Lessee shall make no alterations to the buildings on the demised premises or construct any building or make other improvements of the demised premises without the prior written consent of Lessor. All alterations, changes and improvements built, constructed, or placed on the demised premises by Lessee, with the exception of fixtures removable without damage to the premises and movable personal property, shall, unless otherwise provided by written agreement between Lessor and Lessee, be the property of Lessor and remain on the demised premises at the expiration or sooner termination of this lease.

12. **Damage to Premises**. If the demised premises, or any part thereof, shall be partially damaged by fire or other casualty not due to Lessee's negligence or willful act or that of his employee, family agent, or visitor, the premises shall be promptly repaired by Lessor an there shall be an abatement of rent corresponding with the time during which, and the extent to which, the leased premises may have been untenantable; but, if the leased premises should be damaged other than by Lessee's negligence or willful act or that of his employee, family agent, or visitor to the extent that Lessor shall decide not to rebuild or repair, the term of this lease shall end and the rent shall be prorated up to the time of the damage.

13. **Damage Deposit**. Upon termination of the lease, lessee shall be given the full damage deposit minus any amounts of unpaid accrued rent and the amount of physical damages to the premises, other than ordinary wear and tear. Any such deductions will be itemized by us in a written notice. This notice, along with the amount of damage deposit due, will be delivered to lessee within twenty (20) days after the lessee has vacated the premises, returned the keys to the lessor or agent and provided lessor or agent with a forwarding address.

14. **Dangerous Materials.** Lessee shall not keep or have on the leased premises any article or thing of a dangerous, inflammable, or explosive character that might unreasonably increase the danger of fire on the leased premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

15. **Fire Hazards.** Lessee shall not permit any hazardous act which might cause fire or that will increase the rate of insurance on the premise. If the premises become totally uninhabitable by reason of fire no caused by Lessee's negligence, agents or servants, the rental herin shall be suspended until the same has been restored to a habitable condition. Lessor is not obligated to rebuild or restore the premises. Lessee is responsible for any costs incurred by Lessee's negligence or the negligence of any person on the premises with the Lessee's permission or implied consent.

16. **Utilities.** Lessee shall be responsible for arranging for and paying for all utility services required on the premises. The monthly rental shall include the costs of the following **utilities: water.** Lessor shall not be liable for failure to furnish any of the above utility services. Lessor shall, however, exercise reasonable diligence to correct such failure. In the event that the cost rate of any utility (as defined herein) supplied to, or used in the building, of which your apartment is a part, shall be increased, at any time during the term of the lease, over the cost rate in effect on the initial date of this lease, Lessee herby agrees to pay, as a part of the Lessee's monthly rental payment the increased cost of said utility's cost rate, to be prorated to all lessees on a monthly basis. "Utility" as used in the paragraph shall mean electric, gas (natural, liquid, or propane), warter, and oil.

17. **Electric Light Bulbs.** Lessor shall supply the apartment with electric light bulbs and fuses at the time lessee moves in. Lessee agrees to furnish replacements and install thereafter. Should battery activated Smoke Detectors by supplied, lessee agrees to maintain and replace same.

18. **Maintenance and Repair**. Lessee will, at his sole expense, keep and maintain the leased premises and appurtenances in good and sanitary condition and repair during the term of this lease and any renewal thereof. In particular, Lessee shall keep the fixtures in the house or on or about the leased premises in good order and repair; keep the walks free from dirt and debris; and, at his/her sole expense, shall make all required repairs to the plumbing, range, heating, apparatus, and electric and gas fixtures whenever damage thereto shall have resulted from Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor. Major maintenance and repair of the leased premises,

not due to Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor, shall be the responsibility of Lessor or his assigns.

19. **Rubbish**. Lessor shall provide suitable waste containers for lessee's use according to the custom for apartment communities in the area and lessee shall empty them with reasonable regularity. Lessee agrees to place no rubbish on patios, in halls, or any other common areas.

20. **Extermination**. The presence of pests or other vermin shall not constitute eviction nor be a cause or reason for reduction, abatement, or withholding of rent. However, Lessor shall take any and all reasonable action to exterminate pests upon notification and verification that these conditions exist.

21. **Animals**. Lessee shall keep no domestic or other animals on or about the leased premises, without the written consent of Lessor.

22. **Rules and Regulations**. Waterbeds connot be used in the premises without Lessor's prior written consent. Consent will be granted only if Lessee provides proof of insurance coverage for possible resulting damages due to the use of waterbeds with notice of cancellation. From time to time, it may be necessary to change our rules and/or adopt new rules. Written notice of said changes and/or adoptions will be sent to lessee.

23. **Lead Contamination**. "Every Lessee of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced Intelligence Quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The Lessor of an interest in residential real property is required to provide the Lessee with any information on lead-based paint hazards from risk assessments or inspections in the Seller's possession and notify the Lessee of any known lead-based paint hazards. A risk assessment inspection is recommended prior to rental."

24. **Halls**. No receptacles, vehicles, baby carriages, or other articles or obstructions shall be placed in the halls or other common areas passage areas. This violates state and local fire regulations.

25. **Right of Inspection**. Lessor and his agents shall have the right at all reasonable times during the term of this lease and any renewal thereof to enter the demised premises for the purpose of inspecting the premises and all building and improvements thereon.

26. **Access**. To provide both routine and emergency maintenance service, Lessor retains a key to lessee's apartment. Service requests placed by lessee shall be answered in a reasonable time. Except in case of emergency or unless it it impracticable to do so, Lessor will give lessee at least two (2) days or forty-eight (48) hours notice of his intent to enter and will enter only at reasonable times. If Lessor enters the apartment in your

absence, Lessor shall leave a card explaining the purpose of the call and the name of the representative. Lessor reserves the right during the term of your tenancy to show your apartment to prospective lessees. Lessee agrees to notify Lessor or agent immediately when maintenance is required.

27. **Locks and Keys**. Lessor shall provide a lock for Lessee's exterior doors, which is considered safe by the industry. So as not to restrict Lessor's ability to provide Lessee with maintenance and emergency service, Lessee agrees that no additional locks shall be placed upon any doors of the premises nor shall locks be changed without Lessor's written permission. Upon termination of the lease, Lessee shall return all keys to the premises. A reasonable charge will be made for lockouts.

28. **Display of Signs**. During the last 60 days of this lease, Lessor or his agent shall have the privilege of display the usual "For Sale" or "For Rent" or "Vacancy" signs on the demised premises and of showing the property to prospective purchasers or tenants. Lessee agrees that no signs shall be placed or painting done on or about the leased premises by Lessee or at his direction without the prior written consent of Lessor.

29. **Moving.** So as not to disturb neighbors, the moving of furniture is permitted to and from the premises between the hours of 8:00 am and 6:00 pm only. Any packing cases, barrels or boxes, which are used in moving, must be removed by Lessee or by the moving company. Lessee authorizes Lessor to keep moving companies or trucks off the premises if Lessee rent is not paid in accordance with the terms of this lease.

30. **Removal of Personal Property.** If after violation of any provisions of the lease, or upon the expiration of this lease, Lessee moves out and fails to remove any of the Lessee's personal property of the personal property of anyone else being kept in the apartment by Lessee's own volition, then the personal property shall be deemed abandoned and Lessor shall have the right to remove it.

31. **Cancellation-Eminent Domain.** In case of sale or condemnation by eminent domain of the leased premises, this lease will automatically become null and void. Any and all damages awarded for such taking for public purpose shall belong to and be the property of the Lessor.

32. **Subordination of Lease**. This Lease and Lessee's leasehold interest hereunder are and shall be subject, subordinate and inferior to any liens or encumbrances now or hereafter placed on the demised premises by Lessor, all advances made under any such liens or encumbrances, the interest payable on any such liens or encumbrances, and any and all renewals or extensions of such liens or encumbrances.

33. **Holdover by Lessee**. Should the Lessee remain in possession of the demised premises with the consent of Lessor after the natural expiration of this lease, a new month-to-month tenancy shall be created between Lessor and Lessee which shall be subject to all the terms and conditions hereof but shall be terminated on 60 days' written notice served by wither Lessor or Lessee on the other party.

34. **Surrender of Premises**. At the expiration the lease term, Lessee shall quit and surrender the premises hereby demised in as good state and condition as they were at the commencement of this lease, reasonable use and wear thereof and damages by the elements excepted.

35. **Removal for Breach or Rental Lease.** If Lessor at any time finds Lessee's conduct or the conduct of such persons on the premises with Lessee's consent in noncompliance with this lease, Lessor will send Lessee a written notice that such conduct is considered a breach of the lease and that if the Lessor does not remedy the breach within twenty (20) days of the mailing of the notice, the lease will terminate and Lessor will commence eviction proceedings against Lessee. A second notice of noncompliance sen to Lessee within six (6) months of the first notice will result in termination of the lease;

36. **Default.** If any default is made in the payment of rent, or any part thereof, at the times herein-before specified, or if any default is made in the performance of or compliance with any other term or condition hereof, the lease, at the option of Lessor, shall terminate and be forfeited, and Lessor may re-enter the premises and remove all persons therefrom. Lessee shall be given written notice of any default or breach, and termination and forfeiture of the lease shall not result if, within 15 days of receipt of such notice, Lessee has corrected the default or breach or has taken action reasonably likely to effect such correction within a reasonable time.

37. **Abandonment**. If at any time during the term of this lease Lessee abandons the demised premises or any part thereof, Lessor may, at his/her option, enter the demised premises by any means without being liable for the prosecution therefor, and without becoming liable to Lessee for damages or for any payments of any kind whatever, and may at his/her discretion, as agent for Lessee, relet the demised premises, or any part thereof, for the whole or any part of the then un-expired term, and may receive and collect all rent payable by virtue of such reletting, and, at Lessor's option, hold Lessee liable for any difference between the rent that would have been payable under this lease during the balance of the un-expired term, if this lease had continued in force, and the net rent for such period realized by Lessor by means of such reletting. If Lessor's right of re-entry is exercised following abandonment of the premises by Lessee, then Lessor may consider any personal property belonging to Lessee and left on the premises to also have been abandoned, in which case Lessor may dispose of all such personal property in any manner Lessor shall deem proper and is hereby relieved of all liability for doing so.

38. **Binding Effect**. The covenants and conditions herein contained shall apply to and bind the heirs, legal, representatives, and assigns of the parties hereto, and all covenants are to be construed as conditions of this lease.

39. **Lessee's Statutory Obligations**. The law specifically requires you, as a lessee, to: 1) comply with all obligations primarily imposed on the lessee by applicable provisions of building and housing codes materially affecting health and safety; 2) keep that part of the premises that you occupy and use as a clean and safe as the condition of the premises

permit; 3) dispose from your dwelling unit all ashes, garbage, rubbish, and other waste in a clean and safe manner; 4) keep all plumbing fixtures in dwelling unit or used by you as clean as their condition permits; 5) use in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating air-conditioning, and other facilities and appliances including elevators in premises or knowingly permit any person to do so; 6) not to deliberately or negligently destroy, deface, damage, impair or remove any part of the premises or knowingly permit any person to do so; and 7) conduct yourself and require other persons on the premises with your consent to conduct themselves in a manner that will not disturb your neighbors' peaceful enjoyment of the premises.

40. **Mortgage**. Lessee acknowledges that the Lessor has executed a mortgage on the premises and thereby agrees to subordinate Lessee lease to the existing mortgage or to any new mortgage that should be executed on the property. Lessee's execution of the lease hereby constitutes and appoints the Lessor as Lessee's attorney-in-fact to execute any such certificate or document necessary to achieve any original financing or refinancing desired by the Lessor. If the Lessor shall require any estopple letter or other document, Lessee agrees to execute such document immediately upon receipt of the same.

41. **Additional Payments**. Lessee agrees to pay in addition to all monthly rental payments, proportionate increases in municipal personal property and realty property taxes, and increases in utility rates as expressed above; all late charges, awarded attorney's fees and court costs for breach of this lease; costs or repairs, replacement and redecorating and/or refurnishing the premises of any fixtures, systems or appliances caused by other than ordinary wear and tear; and a reasonable cleaning expense, provided lessee does not leave the premises in clean and rentable condition at the time the Lessee vacates.

42. **Representations and Applications**. We enter into this lease with you on the basis of the representations contained in the application which is made part of this lease, and, in the event any of the representations contained in the application shall be found to be misleading, incorrect or untrue, we shall have the right to cancel this lease and to repossess the premises.

43. **Separability of Clauses.** If any clause or paragraph of this agreement shall be determined to be unconstitutional, illegal, or void by any Court of competent jurisdiction, the remaining clauses or paragraphs shall continue in full force and effect.

44. **Other Terms**:
    a. No articles of any kind will be posted to any common hallway walls or apartment entrance doors.
    b. No articles of any kind will be stored on the exterior of the building.
    c. No automotive repair will be performed on premises.
    d. A service charge of $25.00 will be assessed for any checks returned unpaid.
    e. A service charge of $25.00 will be assessed for partial payment of rent.
    f. A service charge of $25.00 will be assessed for payments postmarked after the due date for rent.

The undersigned parties agree that they have read and understand the provisions of this lease. It is further agreed that by the signing of this lease, the Lessor and Lessee will be bound to all the terms and regulations contained herein.

03-01-04

Lessee Social Security ~~Number~~ Date

Lessee Social Security Number Date

Lessor Date

3/1/04

~~Lessor~~ Date