# EXHIBIT A

Case 1:06-cv-00362-S-LDA Document 25 Filed 04/03/2007 Page 1 of 9

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EUGENIA CARVALHAL

vs. C06-362 S (LDA)

GENERAL ELECTRIC COMPANY, and
MIDEA USA, INC.

## AMENDED COMPLAINT

NOW COMES Plaintiff, Eugenia Carvalhal (hereinafter "Carvalhal") by and through her undersigned counsel, and hereby demands judgment against Defendants General Electric Company (hereinafter "GE") and Midea USA, Inc. (hereinafter "Midea"), and in support thereof avers as follows:

1. Plaintiff, Eugenia Carvalhal is a resident of the City of Providence, Providence County, State of Rhode Island.

2. Defendant GE is a corporation authorized to conduct business within the State of Rhode Island with its principal place of business located at 1 River Road, Schenectady, New York 12345.

3. Defendant Midea is a corporation, not registered to do business within the State of Rhode Island, with its principal place of business located at 2100 North Highway 360, Grand Prairie, Texas 75050 but having sufficient minimum contacts to confer jurisdiction.

## GENERAL ALLEGATIONS

4. At all relevant times mentioned herein, Carvalhal was the owner of residential property known as 76 Willet Avenue, East Providence, Rhode Island (hereinafter referred to as "the premises").

5. At all times material hereto, GE was a manufacturer and distributor of home appliances.

6. At all times material hereto, Midea was a manufacturer of home appliances.

7. At all times material hereto, the premises was equipped with a General Electric water dispenser, model number GXCF05D, which was manufactured by Midea and distributed by GE.

8. On or about February 27, 2004, a fire originated in the kitchen area of the premises.

Case 1:06-cv-00362-S-LDA Document 25 Filed 04/03/2007 Page 2 of 9

9. The aforementioned fire was caused by a failure within the General Electric water dispenser and as a direct and proximate result thereof the Carvalhal's home was substantially destroyed and Carvalhal suffered damages only in the form of severe emotional distress, aggravation, annoyance, discomfort and inconvenience (the "Damages") as a result of seeing her home destroyed by fire and having been displaced from her home for approximately 8 months.

**COUNT I**

NEGLIGENCE/PRODUCT LIABILITY
(General Electric Company)

10. Paragraphs 1 through 9 above are fully incorporated by reference each and every allegation set above as though the same were fully set forth herein at length.

11. The aforementioned failure of the water dispenser and resulting Damages were a direct and proximate result of the negligence, carelessness and negligent omissions of GE in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Eugenia Carvalhal herein;

b. failing to adequately warn Eugenia Carvalhal of the defects in the water dispenser when GE knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

Case 1:06-cv-00362-S-LDA Document 25 Filed 04/03/2007 Page 3 of 9

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

12. As a direct and proximate result of GE's designing, manufacturing, distributing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

## COUNT II

### BREACH OF EXPRESS WARRANTY
### (General Electric Company)

13. Paragraphs 1 through 12 above are fully incorporated by reference each and every allegation set above as though the same were fully set forth herein at length.

14. GE, by virtue of advertisements, promotional literature, and/or sales brochures, made certain express warranties to the general public, and to Carvalhal, in particular, that the water dispenser was safe and free from defects.

15. GE breached its express warranties in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Carvalhal herein;

b. failing to adequately warn Carvalhal of the defects in the water dispenser when GE knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

Case 1:06-cv-00362-S-LDA Document 25 Filed 04/03/2007 Page 4 of 9

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

16. As a direct and proximate result of GE's breach of its express warranties by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (General Electric Company)

17. Paragraphs 1 through 16 above are fully incorporated by reference each and every allegation set above as though the same were fully set forth herein at length.

18. GE impliedly warranted that the water dispenser was of merchantable quality.

19. GE breached its implied warranty of mechantability in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Carvalhal herein;

b. failing to adequately warn Carvalhal of the defects in the water dispenser when GE knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the

Case 1:06-cv-00362-S-LDA Document 25 Filed 04/03/2007 Page 5 of 9

existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

20. As a direct and proximate result of GE's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

## COUNT III

## NEGLIGENCE/PRODUCT LIABILITY
## (Midea USA. Inc.)

21. Paragraphs 1 through 20 above are fully incorporated by reference each and every allegation set above as though the same were fully set forth herein at length.

22. The aforementioned failure of the water dispenser and resulting damages were a direct and proximate result of the negligence, carelessness and negligent omissions of Midea in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Carvalhal herein;

b. failing to adequately warn Carvalhal of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

23. As a direct and proximate result of Midea's designing, manufacturing, distributing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

## COUNT V

### BREACH OF EXPRESS WARRANTY
### (Midea USA, Inc.)

24. Paragraphs 1 through 23 above are fully incorporated by reference each and every allegation set above as though the same were fully set forth herein at length.

25. Midea, by virtue of advertisements, promotional literature, and/or sales brochures, made certain express warranties to the general public, and to Carvalhal in particular, that the water dispenser was safe and free from defects.

26. Midea breached its express warranties in:

Case 1:06-cv-00362-S-LDA Document 25 Filed 04/0?/2007 Page 7 of 9

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Carvalhal herein;

b. failing to adequately warn Carvalhal of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

27. As a direct and proximate result of Midea's breach of its express warranties by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

Case 1:06-cv-00362-S-LDA Document 25 Filed 04/0?/2007 Page 8 of 9

## COUNT VI

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (Midea USA. Inc.)

28. Paragraphs 1 through 27 above are fully incorporated by reference each and every allegation set above as though the same were fully set forth herein at length.

29. Midea impliedly warranted that the water dispenser was of merchantable quality.

30. Midea breached its implied warranty of mechantability in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Carvalhal herein;

b. failing to adequately warn Carvalhal of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from

Case 1:06-cv-00362-S-LDA Document 25 Filed 04/03/2007 Page 9 of 9

the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger;

31. As a direct and proximate result of Midea's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

WHEREFORE, the Plaintiff, Eugenia Carvalhal, demands judgment in its favor against Defendants, General Electric Company and Media USA, Inc., plus interest, costs and such other and further relief as this court may deem appropriate.

Plaintiff,
By Her Attorneys,

**D'AMICO • BURCHFIELD, LLP**

**/s/ Robert A. D'Amico II, Esq.**
**/s/ Mark W. Dana, Esq.**

Robert A. D'Amico, Esq. #4595
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212
(401) 454-1233 fax

Plaintiffs hereby demand a trial by jury as to all issues contained herein.

Plaintiffs hereby reserve the right to add additional counts.