IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) ) ) ) ) ) ) ) ) ) ) | No. 07-007S-LDA<br><br>(Consolidated with Case No. 06-0362) |

**DEFENDANT MIDEA USA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendant, MIDEA USA, INC., by and through its attorneys, McKINNON & HARWOOD and CLAUSEN MILLER, P.C., and for its Answer to Plaintiff's Amended Complaint, state as follows:

1. Plaintiff, Eugenia Carvalhal is a resident of the City of Providence, Providence County, State of Rhode Island.

**ANSWER:** Based on information and belief, the Defendant admits the allegations set forth in Paragraph 1.

2. Defendant GE is a corporation authorized to conduct business within the State of Rhode Island with its principal place of business located at 1 River Road, Schenectady, New York 12345.

**ANSWER:** This Defendant makes no answer to the allegations contained in Paragraph 2 as those allegations are not directed at this answering Defendant.

3. Defendant Midea is a corporation, not registered to do business within the State of Rhode Island, with its principal place of business located at 2100 North Highway 360, Grand Prairie, Texas 75050 but having sufficient minimum contacts to confer jurisdiction.

**ANSWER:** Defendant admits only that it is a Texas Corporation with its principal place of business in Grand Prairie, Texas.

**GENERAL ALLEGATIONS**

4. At all relevant times mentioned herein, Carvalhal was the owner of residential property known as 76 Willet Avenue, East Providence, Rhode Island (hereinafter referred to as "the premises").

**ANSWER:** Defendant has insufficient knowledge from which to base either an admission or denial of the allegations contained in Paragraph 4, and therefore denies same and demands strict proof thereof.

5. At all times material hereto, GE was a manufacturer and distributor of home appliances.

**ANSWER:** This Defendant makes no answer to the allegations contained in Paragraph 5 as those allegations are not directed at this answering Defendant. If any of the allegations contained in Paragraph 5 can be construed as being directed against this Defendant, then all such allegations are expressly denied.

6. At all time material hereto, Midea was a manufacturer of home appliances.

**ANSWER:** Defendant admits only that it manufactures certain consumer products including home appliances.

7. At all times material hereto, the premises was equipped with a General Electric water dispenser, model number GXCF05D, which was manufactured by Midea and distributed by GE.

**ANSWER:** Defendant admits only that it manufactured water dispensers, including certain units designed as model number GXCF05D. This Defendant makes no answer to the allegations contained in Paragraph 7 regarding the distribution of the subject water dispensers, as those allegations are not directed at this answering Defendant. Defendant has insufficient knowledge upon which to base either an admission or denial of the remaining allegations contained in Paragraph 7, and, therefore, denies same and demands strict proof thereof.

8. On or about February 27, 2004, a fire originated in the kitchen area of the premises.

**ANSWER:** Defendant has insufficient knowledge upon which to base either an admission or denial of the allegations contained in Paragraph 8, and therefore, denies same and demands strict proof thereof.

9. The aforementioned fire was caused by a failure within the General Electric water dispenser and as a direct and proximate result thereof the Carvalhal's home was substantially destroyed and Carvalhal suffered damages only in the form of severe emotional distress, aggravation, annoyance, discomfort, and inconvenience (the "Damages") as a result of seeing her home destroyed by fire and having been displaced from her home for approximately 8 months.

**ANSWER:** Defendant denies that any act or omission on its part was the proximate cause of any injuries alleged in Plaintiff's Amended Complaint. Further answering, Defendant has insufficient knowledge upon which to base either an admission or denial of the remaining allegations contained in Paragraph 9, and, therefore, denies same and demands strict proof thereof.

**COUNT I**
**NEGLIGENT/PRODUCT LIABILITY**
**(GENERAL ELECTRIC COMPANY)**

This Defendant makes no answer to the allegations of Count I of Plaintiff's Amended Complaint at Law as those allegations are not directed at this answering Defendant. If any of the allegations contained in Count I can be construed as being directed against this Defendant, then all such allegations are expressly denied.

**COUNT II**
**BREACH OF EXPRESS WARRANTY**
**(GENERAL ELECTRIC COMPANY)**

This Defendant makes no answer to the allegations of Count II of Plaintiff's Amended Complaint at Law, as those allegations are not directed at this answering Defendant. If any of the allegations contained in Count II can be construed as being directed against this Defendant, then all such allegations are expressly denied.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(GENERAL ELECTRIC COMPANY)**

This Defendant makes no answer to the allegations of Count III of Plaintiff's Amended Complaint at Law, as those allegations are not directed at this answering Defendant. If any of the allegations contained in Count III can be construed as being directed against this Defendant, then all such allegations are expressly denied.

**COUNT IV**
**NEGLIGENT/PRODUCT LIABILITY**
**(MIDEA USA, INC.)**

21. Paragraphs 1 through 20 above are fully incorporated by reference each and every allegation set forth above as though the same were fully set forth herein at length.

**ANSWER:** Defendant hereby adopts and reiterates its Answers to Paragraphs 1 through 20, inclusive, as if fully set forth herein as its Answers to Paragraph 21 of Count IV (incorrectly labeled as Count III in Plaintiff's Amended Complaint).

22. The aforementioned failure of the water dispenser and resulting damages were a direct and proximate result of the negligence, carelessness and negligent omissions of Midea in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Carvalhal herein;

b. failing to adequately warn Carvalhal of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition; and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger.

**ANSWER:** Defendant denies all the allegations contained in Paragraph 22, including those set forth in Subparagraphs (a) through (i), inclusive.

23. As a direct and proximate result of Midea's designing, manufacturing, distributing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

**ANSWER:** Defendant denies all allegations contained in Paragraph 23.

WHEREFORE, Defendant, MIDEA USA, INC., denies that it is liable to the Plaintiff in any amount whatsoever, and prays for the entry of an order dismissing this Complaint with prejudice and awarding the Defendant, MIDEA USA, INC., their costs wrongfully incurred herein.

**COUNT V**
**BREACH OF EXPRESS WARRANTY**
**(MIDEA USA, INC.)**

24. Paragraphs 1 through 23 above are fully incorporated by reference each and every allegation set forth above as though the same were fully set forth herein at length.

**ANSWER:** Dfendant hereby adopts and reiterates its Answers to Paragraphs 1 through 23, inclusive, as if fully set forth herein as its Answers to Paragraph 24 of Count V.

25. Midea, by virtue of advertisements, promotional literature, and/or sales brochures, made certain express warranties to the general public, and to Carvalhal in particular, that the water dispenser was safe and free from defects.

**ANSWER:** Defendant admits only those duties imposed by law but expressly denies any breach thereof.

26. Midea breached its express warranties in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Carvalhal herein;

b. failing to adequately warn Carvalhal of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition; and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger.

**ANSWER:** Defendant denies all the allegations contained in Paragraph 26, including those set forth in Subparagraphs (a) through (i), inclusive.

27. As a direct and proximate result of Midea's breach of its express warranties by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

**ANSWER:** Defendant denies all allegations contained in Paragraph 27.

WHEREFORE, Defendant, MIDEA USA, INC., denies that it is liable to the Plaintiff in any amount whatsoever, and prays for the entry of an order dismissing this Complaint with prejudice and awarding the Defendant, MIDEA USA, INC., their costs wrongfully incurred herein.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(MIDEA USA, INC.)**

28. Paragraphs 1 through 27 above are fully incorporated by reference each and every allegation set forth above as though the same were fully set forth herein at length.

**ANSWER:** Defendant hereby adopts and reiterates its Answers to Paragraphs 1 through 27, inclusive, as if fully set forth herein as its Answers to Paragraph 28 of Count VI.

29. Midea impliedly warranted that the water dispenser was of merchantable quality.

**ANSWER:** Defendant admits only those duties imposed by law but expressly denies any breach thereof.

30. Midea breached its implied warranty of merchantability in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Carvalhal herein;

b. failing to adequately warn Carvalhal of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger.

**ANSWER:** Defendant denies all the allegations contained in Paragraph 30, including those set forth in Subparagraphs (a) through (i), inclusive.

31. As a direct and proximate result of Midea's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and Carvalhal's Damages referred to in Paragraph 9 above occurred.

**ANSWER:** Defendant denies all allegations contained in Paragraph 31.

WHEREFORE, Defendant, MIDEA USA, INC., denies that it is liable to the Plaintiff in any amount whatsoever, and prays for the entry of an order dismissing this Complaint with prejudice and awarding the Defendant, MIDEA USA, INC., their costs wrongfully incurred herein.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

NOW COMES Defendant, MIDEA USA, INC., by and through its attorneys, McKINNON & HARWOOD and CLAUSEN MILLER, P.C. and for its Affirmative Defenses to the Amended Complaint at Law filed by Plaintiff, EUGENIA CARVALHAL, states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Defendant asserts the defense of comparative negligence and shows that any amount which the Plaintiff might be entitled to recover should be reduced by the amount of negligence attributable to the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The sole proximate cause of the Plaintiff's damages was the Plaintiff's own failure to exercise ordinary care and diligence for his own safety.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's damages were caused by the Plaintiff's misuse of the subject product rather than by any defect(s) in said product; alternatively, to the extent that any such product is found to be defective (such defectiveness being specifically denied), the Defendant alleges that the Plaintiff's misuse of the product concurred with such defectiveness to cause the Plaintiff's damages. The damages sustained by Plaintiff as a result of using the complained of product were proximately caused by Plaintiff's misuse of the product. This misuse was the proximate

cause of Plaintiff's injuries or damages and, therefore, Plaintiff is barred from recovering any damages. In the alternative, any damages awarded should be reduced in the same amount percentage that Plaintiff's misuse contributed to or caused the complained of injuries or damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate damages, if any exist.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant states that the product in question was neither negligently manufactured nor negligently designed when used in a reasonable and foreseeable manner for its intended use.

**SEVENTH AFFIRMATIVE DEFENSE**

At no time relevant to this action did the Defendant commit any act, or omission, or any combination of acts or omissions that was a direct or proximate cause of any damages whatsoever to the Plaintiff, and, therefore, the Plaintiff is not entitled to recover against the Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's breach of implied warranty claims are contractually precluded because the Defendant effectively disclaimed all implied warranties.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff, in its investigation of the fire, negligently destroyed or caused to be destroyed or failed to preserve evidence, which it knew, would be material to this litigation.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiff, in its investigation of the fire, deliberately destroyed or caused to be destroyed or failed to preserve evidence, which it knew, would be material to this litigation. Therefore, Plaintiff is barred from recovering for the complained of damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff, in its investigation of the fire, maliciously destroyed or caused to be destroyed or failed to preserve evidence, with the sole purpose of preventing Defendant from examining such evidence. Therefore, Plaintiff is barred from recovering for the complained of damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to raise additional affirmative defenses as its investigation and discovery of this matter proceeds.

**JURY DEMAND**

Defendant hereby demands trial by jury.

Defendant,
MIDEA USA, INC.,
**BY COUNSEL,**

/s/ Dominick W. Savaiano
DOMINICK W. SAVAIANO AND
/s/ Rodd E. Elges
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
Attorneys for Defendant MIDEA USA, INC.

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

**MIDEA USA, INC'S COUNTERCLAIM AGAINST PLAINTIFF**

NOW COME Defendant, MIDEA USA, INC., by and through its attorneys, McKINNON & HARWOOD and CLAUSEN MILLER, P.C., and for its Counterclaim states as follows:

**COUNT I – CONTRIBUTION**

1. Plaintiff, Eugenia Carvalhal, filed an Amended Complaint against Midea USA, Inc. ("Midea") and General Electric Company ("GE"), for damages allegedly sustained as a result of a fire on February 27, 2004, occurring on the residential property known as 76 Willet Ave, East Providence, Rhode Island (hereinafter the "Premises"). (A true and accurate copy of Plaintiff's Amended Complaint is attached hereto as Exhibit A).

2. Therein, Plaintiff alleges that the fire originated in the kitchen area of the premises due to an allegedly defective GE water dispenser, model number GXCF05D, which was allegedly manufactured by Midea and distributed by GE.

3. Plaintiff alleges that Midea and GE are liable under theories of products liability, breach of express warranty, and breach of implied warranty of merchantability, which was the proximate cause of Plaintiff's alleged damages.

4. Defendant/Counterplaintiff Midea has filed its answer to Plaintiff's Amended Complaint, in which it denies each and every material allegation set forth therein and sets forth affirmative defenses.

5. Based upon information and belief, at all times relevant, the Hartford Insurance Company was a corporation organized and existing under the laws of the State of Connecticut and was duly authorized to issue insurance policies in the State of Rhode Island.

6. Based upon information and belief, at all times relevant, Plaintiff held an insurance policy with the Hartford Insurance Company ("Hartford") Policy Number 55 RBB 669273, which provided insurance coverage for the premises.

7. At all times relevant, the insurance policy from Hartford provided coverage for damages to the Premises and personal property on the Premises.

8. At all times relevant, the insurance policy from Hartford provided coverage under Coverage D of the insurance policy for additional living expenses incurred by Plaintiff for displacement from her Premises.

9. Based upon information and belief, Plaintiff sent a notice to Hartford of her loss resulting from the fire on the Premises.

10. During the resultant claims processing, Plaintiff sent Hartford a lease agreement between her son, Peter Carvalhal, and her husband, Alberto Carvalhal, claiming that Plaintiff and her husband rented an apartment from her son for $2000 per month. (A true and accurate copy of the lease agreement is attached hereto as Exhibit B). At all times relevant, the address referenced in the lease that Plaintiff and her husband were allegedly renting was Peter Carvalhal's personal residence. At all times relevant, Plaintiff and her husband actually resided at their daughter's, Angela Marie Rossi, home and did not pay any rent to anyone.

11. Based upon information and belief, Plaintiff received an insurance payment from Hartford Insurance Company in the amount of $14,000 for additional living expenses for her displacement due to the fire. Said payment was to be reimbursement for the the rent purportedly paid to Peter Carvalhal pursuant to the lease agreement. (A true and accurate copy of Hartford's Answers to Interrogatories Complaint at Law is attached hereto as Exhibit C, see Answer 18 on page 10).

12. The Hartford has brought an action against Midea as the subrogee of Plaintiff seeking damages arising out of the allegedly defective water dispenser. (A true and accurate copy of Hartford's Complaint at Law is attached hereto as Exhibit D).

13. As part of said lawsuit, The Hartford is claiming $14,000 in damages for payments wrongfully made to Plaintiff for her additional living expenses.

14. At all times relevant, there was in full force and effect a statute known as the Contribution Among Joint Tortfeasors Act (R.I. St. §10-6-1, et seq.).

15. At all times relevant, Plaintiff owed a duty to exercise ordinary care when seeking recovery under the insurance policy issued by The Hartford, including the accurate and truthful calculation of the additional living expenses incurred as a result of the fire.

16. Notwithstanding the foregoing duty, Plaintiff was guilty of one or more of the following fraudulent acts and/or omissions:

a. Fraudulently ascertaining the amount of additional expenses incurred as a result of the fire;

b. Fraudulently ascertaining rent payments to Peter Carvalhal in the amount of $2000 per month;

c. Fraudulently providing Hartford with an inaccurate and untruthful claim for additional living expenses under Coverage D;

d. Fraudulently providing Hartford with an inaccurate and untruthful claim for damages resulting from the fire on the Premises; and

e. Was otherwise fraudulent and careless.

17. As a direct and proximate result of one or more of the foregoing fraudulent acts and/or omissions, at the time and place referenced in Plaintiff's Amended Complaint, payment was wrongfully made to Plaintiff for additional living expenses. In turn, such payments became part of Hartford's damages claim against Defendants.

18. Pursuant to the Contribution Among Joint Tortfeasors Act, in the event that a judgment is entered against MIDEA USA, INC. and in favor of the HARTFORD INSURANCE COMPANY, MIDEA USA, INC. is entitled to a judgment for contribution and for an apportionment liability against Plaintiff, EUGENIA CARVALHAL in an amount equal to the proportionate share of fault of Plaintiff for the damages of the HARTFORD INSURANCE COMPANY.

WHEREFORE, Defendant, MIDEA USA, INC., respectfully request this Honorable Court for an entry of an Order of Judgment against Plaintiff, EUGENIA CARVALHAL, in such an amount by way of contribution as may be commensurate with the degree of culpability of misconduct attributable to them in causing HARTFORD INSURANCE COMPANY'S damages, as well as MIDEA USA, INC's costs and attorneys fees in the event of a judgment against MIDEA USA, INC.

**COUNT II**
**STATUTORY LIABILITY FOR CRIME OF ATTEMPT TO OBTAIN MONEY UNDER FALSE PRETENSE**

19. Defendant Midea realleges and reincorporates Paragraphs 1 through 13 of Count I as Paragraph 19 of Count II.

20. At all times relevant, there was in full force and effect a statute providing for civil liability for crimes and offenses pursuant to Section 9-1-2 of the General Laws of Rhode Island.

21. At all times relevant, there was in full force and effect a criminal offense for obtaining property by false pretenses or personation pursuant to Section 11-41-4 of the General Laws of Rhode Island.

22. Plaintiff obtained from Hartford through false pretenses money for additional living expenses with an intent to cheat Hartford to receive such money, causing Plaintiff to be guilty of larceny.

23. At all times relevant, Plaintiff owed a duty to not obtain money through false pretenses with an intent to defraud when seeking insurance coverage from Hartford and to Hartford.

24. Notwithstanding the foregoing duty, Plaintiff was guilty of one or more of the following acts of larceny:

a. Obtaining money through false pretense from Hartford for additional living expenses, which Plaintiff did not actually incur;

b. Intending to use false pretense to obtain additional living expenses from Hartford, which Plaintiff did not actually incur; and

c. Was otherwise guilty of Larceny under Section 11-41-1 of the General Laws of Rhode Island.

25. As a direct and proximate result of Plaintiff obtaining money from Hartford through false pretenses and with an intent to do so, Midea has suffered damages in the amount of costs and attorneys fees needed to defend the actions brought by Hartford, which includes claims for the additional living expense wrongfully paid to Plaintiff and, if Hartford is successful in obtaining judgment against Midea, for any money paid to Hartford would include payments for additional living expenses received by Plaintiff under false pretenses.

WHEREFORE, Defendant, MIDEA USA, INC., respectfully requests this Honorable Court for an entry of an Order of Judgment against Plaintiff, EUGENIA CARVALHAL, and for MIDEA USA, INC., in an amount, which includes the costs and attorneys fees paid out by MIDEA USA, INC. to defend the action brought by the HARTFORD INSURNACE COMPANY, and twice the portion of judgment paid to the HARTFORD INSURANCE COMPANY by MIDEA USA, INC. as a result of Plaintiff's larceny pursuant to Section 9-1-2 of the General Laws of Rhode Island.

**JURY DEMAND**

Defendant hereby demands trial by jury.

Defendant
MIDEA USA, INC.,
**BY COUNSEL,**

/s/ Dominick W. Savaiano
DOMINICK W. SAVAIANO AND
/s/ Rodd E. Elges
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
Attorneys for Defendant MIDEA USA, INC.

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

**CERTIFICATION**

I hereby certify that on Monday, April 23, 2007, a true copy of the within, was served upon all parties and counsel of record by electronic "CM/ECF" means only.

/s/ Rodd E. Elges
Rodd E. Elges