IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-007S-LDA<br><br>(Consolidated with Case No. 06-0362) |

**DEFENDANT MIDEA USA, INC. AND GENERAL ELECTRIC COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME Defendants, MIDEA USA, INC. and GENERAL ELECTRIC COMPANY, by and through their attorneys, McKINNON & HARWOOD and CLAUSEN MILLER, P.C., and for their Response in Opposition to Plaintiff, EUGENIA CARVALHAL'S Motion to Compel Discovery, state as follows:

1. This action arises out of damages allegedly sustained by Plaintiff as a result of a fire originating at her residential premises as alleged in her Amended Complaint at Law.

2. The deadline for completion of discovery in this matter was April 16, 2007, and was set pursuant to a Court Order. (A true and accurate copy of the Court Order entered on February 20, 2007 is attached hereto as Exhibit A).

3. Plaintiff propounded written discovery on Defendants on April 12, 2007, just four (4) days prior to the discovery deadline of April 16, 2007. (True and accurate copies of Plaintiff's Written Discovery are attached hereto as Exhibit B).

4. The Defendants promptly informed Plaintiff's counsel that her discovery requests were not timely and that the Defendants would not respond to same, citing to relevant legal authority. (A true and accurate copy of Defendants' April 17, 2007 correspondence to Plaintiff's

counsel is attached as Exhibit C). Defendants' counsel asked Plaintiff to provide contrary authority for his position that Defendants were obliged to answer the disputed discovery requests. *Id.* Plaintiff opted not to respond, and instead immediately filed the pending Motion to Compel.

5. Under Rule 37(a)(2) of the Federal Rules of Civil Procedure, a party is required in a Motion to Compel to include "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. Pro. R. 37(a)(2).

6. Plaintiff did not make any attempt to confer with Defendants prior to filing her Motion to Compel Discovery, nor did Plaintiff make a certification in her Motion to Compel that such an attempt was made in violation of Rule 37(a)(2). Instead, Plaintiff filed a Motion to Compel Discovery without attempting to resolve the issues before involving this Court.

7. As to the underlying issue, Defendants cannot be required to respond to the discovery requests propounded by Plaintiff four days prior to the discovery deadline. Under Rules 33(b)(3) and 34(b) of the Federal Rules of Civil Procedure, parties are given thirty days to respond to interrogatories and requests for production. *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (citing Fed. R. Civ. Pro. R. 33(b)(3) and R. 34(b)).

8. Therefore, requests must be served at least thirty days prior to a discovery deadline. *Id.* A request for discovery cannot be made less than thirty days before the discovery deadline absent an order of the Court and a filing of a motion seeking leave to serve such a request. *Contardo v. Merrill Lynch, Pierce, Fenner, and Smith*, 119 F.R.D. 622, 624-25 (U.S.D.C. M.A. 1988).

9. Plaintiff did not file a motion seeking leave of this Court to serve discovery requests on Defendants only four days prior to the discovery deadline. Likewise, Plaintiff was not acting pursuant to a Court Order allowing for discovery to be propounded on Defendants less than thirty days prior to the discovery deadline.

10. Therefore, because Plaintiff has not propounded these discovery requests on Defendants in a timely manner, and has failed to abide by the provisions of Rule 37(a)(2), Defendants cannot be compelled to answer such requests.

11. Notably, Defendants' prior request that discovery be extended generally was denied by this Honorable Court on April 11, 2007. (A true and accurate copy of the Court Order of February 20, 2007 is attached hereto as Exhibit D). Should the Court be inclined to grant the Plaintiff's Motion to Compel, Defendants request that their prior request to conduct additional discovery be reconsidered. Granting Plaintiff additional time to engage in discovery without providing reciprocity to the Defendants would be highly prejudicial to the latter's ability to defend this lawsuit.

WHEREFORE, Defendants, MIDEA USA, INC. and GENERAL ELECTRICAL COMPANY, respectfully request that this Honorable Court deny Plaintiff, EUGENIA CARVALHAL'S, Motion to Compel Discovery and any other such relief that this Court deems appropriate and just.

**BY COUNSEL,**

/s/ Dominick W. Savaiano
DOMINICK W. SAVAIANO AND
/s/ Rodd E. Elges
RODD E. ELGES
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
Attorneys for Defendants

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

## CERTIFICATION

I hereby certify that on Tuesday, April 24, 2007, a true copy of the within, was served upon all parties and counsel of record by electronic "CM/ECF" means only.

/s/ Rodd E. Elges
Rodd E. Elges