# EXHIBIT B

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL | ) | |
| | ) | |
| Plaintiff | ) | No. CA 07-007 S-LDA |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| GENERAL ELECTRIC COMPANY and | ) | (Removal of Case No. PC 2006-6522 filed in the Superior Court of Rhode Island) |
| | ) | |
| | ) | |
| Defendant | ) | |

**REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COMES Plaintiff, EUGENIA CARVALHAL and hereby requests the following documents from Defendant GENERAL ELECTRIC COMPANY (hereinafter "GE"), to be produced pursuant to Rule 34 of the Federal Rules of Civil Procedure. These Requests are to be answered under oath and in writing within thirty (30) days of their receipt. These Requests are deemed to be continuous in nature, and should the Plaintiff, her attorneys, or anyone representing her interests become aware of or acquire any additional knowledge or information which affects the accuracy or completeness of any Response herein, it is hereby demanded that such knowledge or information be transmitted to the undersigned by way of supplemental Responses.

**DEFINITIONS**

1. The term "Person" means and includes, without limiting the generality of its meaning, each and every natural person, sole proprietorship, partnership, joint venture, corporate entity, social or political organization, association, subsidiary, trust, governmental body, agency, or any other entity, whether real or judicial, incorporated or unincorporated, and each of them

and all past and present officers, agents, employees, or other persons acting or purporting to act on such person's behalf.

2. The terms "relating to," "related to," or "relates to," shall mean consisting of, referring to, reflecting, or being in any way referring to, reflecting, or being in any way legally, logically, or factually connected with the matters discussed.

3. The terms "and" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response.

4. The term "communication" or "contact" includes any exchange of words, thoughts, or ideas by any means.

5. The terms "document," "documents." or "materials," are defined as every original (and every copy of any original or copy which defers in any way from any original) of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded, by any physical mechanical, electronic, or electrical means whatsoever, including, but not limited to, accounting, accounting records, advertisements, affidavits, agreements, analyses, annual reports, appointment books, appraisals, articles, articles of incorporation, assignments, audits, balance sheets, bills, bills of lading, bills of sale, blueprints, books, booklets, brochures, bulletins, business cards, by-laws, cables, calculations, calendars, catalogs, charts, checks, check registers, check stubs, circulars, customer lists, clippings, compact discs, computer cards, computer disks, computer printouts, computer programs, computer tapes, contracts, conveniences, corporate minute books, correspondence, data copulations, deeds, descriptions, designs, diagrams, diaries, drafts, drawings, e-mails, equipment lists, expense accounts, expense reports, files, films, financial statements, formulae, graphs, indices, instructions, invoices, leases, ledgers, lists, literature, log books, mailgrams, manuals,

maps, memoranda, messages, microfiche, microfilm, minutes, models, motion pictures, news clippings, notebooks, notations, notes, notices, opinions, orders, organizational charts, pamphlets, papers, parts list, periodicals, permits, personnel records, photographs, plans, pleadings, pocket calendars, press releases, prints, procedures, purchase orders, questionnaires, receipts, records, releases, reports, resolutions, resumes, schedules, schematics, shipping orders, sketches, slides, specifications, standards, statements, statements of account, studies, summaries, surveys, tapes, tape-recordings, tax returns, telephone bills, telegrams, telephone logs, telexes, tests, test results, trade letters, transcripts, warranties, work orders, work sheets, writings, and all materials within or upon which appears any writing or utterance, whether handwritten, typewritten, printed, transcribed, taped, recorded, filmed, punched, or produced by any other mechanical or electronic system or reproduction, and shall include each document known to the Plaintiff, her attorneys, accountants, employees, or agents.

6. The terms "GE" and "You" include, for purposes of this discovery request, shall mean GENERAL ELECTRIC COMPANY, its predecessors, successors, agents, employees, attorneys, representatives, and other persons acting on its behalf.

7. The term "residence" refers to Plaintiffs' home located at 76 Willett Avenue, East Providence, Rhode Island.

8. The term "incident" refers to the fire which occurred at the Plaintiffs' residence on February 27, 2004.

9. The term "product" refers to the water dispenser identified in the Plaintiffs' Complaint.

## REQUEST FOR PRODUCTION

1. Produce all documents that support any of the allegations or affirmative defenses contained in your Answer to Plaintiff's Complaint.

2. Produce any documents, notes, writings, recordings, memoranda, and e mail communications regarding any conversations or other communications by and between GE with anyone from The Hartford Insurance Company or Midea USA, Inc. from the date of the incident up to and including the present date.

3. Produce all documents which you in any way reference or otherwise identify in your Answers to Interrogatories.

4. Produce all documents upon which you relied in any way in framing the affirmative defenses alleged in your Answer to Plaintiff's Complaint.

5. Produce any and all documents, notes, records, journals or data related to communications, either oral or written, between you and any other person or entity concerning any of the affirmative defenses raised in your Answer to Plaintiff's Complaint and/or any incidents, events, facts or occurrences which support or relate to said affirmative defenses, including but not limited to, incident reports, claim forms, photographs or communications regarding the incident.

6. Produce all written statements or communications made by any individual relating to the affirmative defenses alleged in your Answer to Plaintiff's Complaint, including but not limited to any statements, communications or correspondence by and between GE and any third party related thereto.

7. Produce copies of all written or transcribed statements obtained by GE or its attorneys from any person who has knowledge of any relevant facts of this case.

8. Produce all non-privileged statements and/or documents prepared by persons other than you or your attorney which relate to the facts contained in the Complaint.

9. Produce all documents, information or data detailing the condition and current location of any water dispenser that GE inspected or tested at any time after being notified of the fire incident, other than the water dispenser allegedly involved in the fire at the Carvalhal residence.

10. Produce all documents, reports, evaluations, communications, or other writings as to the conduct or omissions of the Plaintiff as alleged in the affirmative defenses raised in your Answer to the Plaintiff's Complaint.

11. Any documents or records reflecting other reported similar incidents involving products of the same design as the product.

12. The results of any testing for product safety or safety inspection of the product.

Plaintiff,
By Her Attorneys,

**D'AMICO • BURCHFIELD, LLP**

Robert A. D'Amico, II, Esq. #4595
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212
(401) 454-1233 fax

**CERTIFICATION**

I hereby certify that on this 12th day of April, 2007, a true copy of the within Pleading was mailed to all counsel of record via regular mail.

Dominick W. Savaiano, Esq.
Rodd E. Elges, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Joseph-Anthony DiMaio, Esq.
McKennon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Erik Loftus
Law Offices of Stuart Blackburn
PO Box 608
Windsor Locks, CT 06096

of D'AMICO / BURCHFIELD, LLP

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY<br>and<br>MIDEA USA, INC.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CA 07-007 S-LDA<br><br>Judge: |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GENERAL ELECTRIC COMPANY**

NOW COMES, Plaintiff, EUGENIA CARVALHAL, and hereby propounds the following Interrogatories upon GENERAL ELECTRIC COMPANY to be answered pursuant to Federal Rule of Civil Procedure 33 fully, completely in writing, under oath and within thirty (30) days from the date of service:

**INSTRUCTIONS AND DEFINITIONS**

1. The term "person" or "persons" means and includes without limiting the generality of its meaning, each natural person, sole proprietorship, partnership, joint venture, corporate entity, association, subsidiary, trust, governmental body, or agency and each of them, and all past and present officers, agents, employees or other persons acting or purporting to act on such person's behalf.

2. Whenever in these Interrogatories there is a request to "identify" a natural person, state his or her:

   a. full name;

b. each present and last known position, title, job description, and business affiliation or employer;

c. each position, title, job description, and business affiliation at the time in question with respect to the particular interrogatory involved; and

d. each present and last known business address and telephone number and home address and telephone number, if any.

3. The terms "and" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response.

4. If an answer or any portion thereof, to an Interrogatory is incomplete due to an incomplete investigation, or for a similar reason, the Interrogatory should be answered as completely as possible based upon the investigation completed to date, and the following additional information must be given:

a. the nature and extent of the investigation completed to date;

b. the nature and extent of the investigation that is intended in order to complete the answer to the Interrogatory; and

c. the time when the investigation is expected to be completed so that the Interrogatory can be answered in full.

5. The term "the fire" shall be construed as meaning the fire that occurred on February 27, 2004 at 76 Willet Avenue, East Providence, Rhode Island (hereinafter referred to as the "Carvalhal residence").

6. The term "the fire scene" shall be construed as the Carvalhal residence at any time after February 26, 2004.

7. Any reference to "GE" shall be deemed to refer to the Defendant, General Electric Company.

**INTERROGATORIES**

1. Please provide the names, addresses, dates of birth and telephone numbers of the individuals answering these Interrogatories.
2. Identify all persons who provided information or assisted in the preparation of these Answers to Interrogatories and identify any and all documents relied upon in formulating these Answers to Interrogatories.
3. Please state in full and complete detail the exact date that GE received notice of the fire and include in your answer the means by which notice of the fire was communicated to GE and the name, address and telephone number and employee title of all persons receiving initial notice of the fire.
4. Please describe in full and complete detail all actions taken by GE in response to receiving notice of the fire from the date said notice was received and the sixty (60) days thereafter, including in your answer the name, address, telephone number and employee title of all persons involved in any way with the communication of information in any way related to the notice of the fire.
5. Please describe in full and complete detail whether GE took any affirmative action whatsoever to inspect or preserve the fire scene at any time after the date upon which GE first received notice of the fire. If your answer is in the affirmative, please identify all persons in any way involved in taking said action, the nature and extent of any such action taken, and the date, time and location address of any such action taken.
6. If GE took any affirmative action to inspect or preserve the fire scene at any time after first receiving notice, please identify by name a list of all documents

generated by GE or received by GE in any way detailing or describing any action taken by GE to inspect or preserve the fire scene.

7. Did at any time GE request of any party to preserve certain evidence or for the opportunity to inspect certain evidence in any way related to this case.

8. If you answer is in the affirmative to Interrogatory 7, state the date and manner in which the request was made and the response of the party to whom the request was made, describing in detail your understanding of the party's response.

9. If GE conducted any inspection or testing whatsoever on any water dispenser other than the one allegedly involved in the fire at the Carvalhal residence or the so called exemplar water dispenser purchased by Plaintiff's daughter, then state in full and complete detail the means by which GE came into possession of said water dispenser, the model number, serial number and production lot number of said water dispenser, the date and time and location of any inspection of or testing done on said water dispenser, the names and addresses of all persons present for said inspection and testing.

You are requested to supplement or amend in a timely fashion your Answers to these Interrogatories whenever new or additional information becomes know to you.

Plaintiff,
By Her Attorneys,

**D'AMICO • BURCHFIELD, LLP**

Robert A. D'Amico, II, Esq. #4595
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212
(401) 454-1233 fax

## CERTIFICATION

I hereby certify that on this 12th day of April, 2007, a true copy of the within Pleading was mailed to all counsel of record via regular mail.

Dominick W. Savaiano, Esq.
Rodd E. Elges, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Joseph-Anthony DiMaio, Esq.
McKennon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Erik Loftus, Esq.
Law Offices of Stuart Blackburn
PO Box 608
Windsor Locks, CT 06096

of D'AMICO – BURCHFIELD, LLP

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EUGENIA CARVALHAL )
)
Plaintiff )
)
v. ) No. CA 07-007 S-LDA
)
GENERAL ELECTRIC COMPANY ) Judge:
and )
MIDEA USA, INC. )
)
Defendant )

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MIDEA USA, INC.**

NOW COMES, Plaintiff, EUGENIA CARVALHAL, and hereby propounds the following Interrogatories upon MIDEA USA, INC. to be answered pursuant to Federal Rule of Civil Procedure 33 fully, completely in writing, under oath and within thirty (30) days from the date of service:

**INSTRUCTIONS AND DEFINITIONS**

1. The term "person" or "persons" means and includes without limiting the generality of its meaning, each natural person, sole proprietorship, partnership, joint venture, corporate entity, association, subsidiary, trust, governmental body, or agency and each of them, and all past and present officers, agents, employees or other persons acting or purporting to act on such person's behalf.

2. Whenever in these Interrogatories there is a request to "identify" a natural person, state his or her:

a. full name;

b. each present and last known position, title, job description, and business affiliation or employer;

c. each position, title, job description, and business affiliation at the time in question with respect to the particular interrogatory involved; and

d. each present and last known business address and telephone number and home address and telephone number, if any.

3. The terms "and" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response.

4. If an answer or any portion thereof to an Interrogatory is incomplete due to an incomplete investigation, or for a similar reason, the Interrogatory should be answered as completely as possible based upon the investigation completed to date, and the following additional information must be given:

a. the nature and extent of the investigation completed to date;

b. the nature and extent of the investigation that is intended in order to complete the answer to the Interrogatory; and

c. the time when the investigation is expected to be completed so that the Interrogatory can be answered in full.

5. The term "the fire" shall be construed as meaning the fire that occurred on February 27, 2004 at 76 Willet Avenue, East Providence, Rhode Island (hereinafter referred to as the "Carvalhal residence").

6. The term "the fire scene" shall be construed as the Carvalhal residence at any time after February 26, 2004.

7. Any reference to "MIDEA" shall be deemed to refer to the Defendant, Midea USA, Inc.

## INTERROGATORIES

1. Please provide the names, addresses, dates of birth and telephone numbers of the individuals answering these Interrogatories.
2. Identify all persons who provided information or assisted in the preparation of these Answers to Interrogatories and identify any and all documents relied upon in formulating these Answers to Interrogatories.
3. Please state in full and complete detail the exact date that MIDEA received notice of the fire and include in your answer the means by which notice of the fire was communicated to MIDEA and the name, address and telephone number and employee title of all persons receiving initial notice of the fire.
4. Please describe in full and complete detail all actions taken by MIDEA in response to receiving notice of the fire from the date said notice was received and the sixty (60) days thereafter, including in your answer the name, address, telephone number and employee title of all persons involved in any way with the communication of information in any way related to the notice of the fire.
5. Please describe in full and complete detail whether MIDEA took any affirmative action whatsoever to inspect or preserve the fire scene at any time after the date upon which MIDEA first received notice of the fire. If your answer is in the affirmative, please identify all persons in any way involved in taking said action, the nature and extent of any such action taken, and the date, time and location address of any such action taken.
6. If MIDEA took any affirmative action to inspect or preserve the fire scene at any time after first receiving notice, please identify by name a list of all documents

generated by MIDEA or received by MIDEA in any way detailing or describing any action taken by MIDEA to inspect or preserve the fire scene.

7. Did at any time MIDEA request of any party to preserve certain evidence or for the opportunity to inspect certain evidence in any way related to this case.

8. If you answer is in the affirmative to Interrogatory 7, state the date and manner in which the request was made and the response of the party to whom the request was made, describing in detail your understanding of the party's response.

9. If MIDEA conducted any inspection or testing whatsoever on any water dispenser other than the one allegedly involved in the fire at the Carvalhal residence or the so called exemplar water dispenser purchased by Plaintiff's daughter, then state in full and complete detail the means by which MIDEA came into possession of said water dispenser, the model number, serial number and production lot number of said water dispenser, the date and time and location of any inspection of or testing done on said water dispenser, the names and addresses of all persons present for said inspection and testing.

You are requested to supplement or amend in a timely fashion your Answers to these Interrogatories whenever new or additional information becomes know to you .

Plaintiff,
By Her Attorneys,

**D'AMICO • BURCHFIELD, LLP**

Robert A. D'Amico, II, Esq. #4595
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212
(401) 454-1233 fax

**CERTIFICATION**

I hereby certify that on this 12th day of April, 2007, a true copy of the within Pleading was mailed to all counsel of record via regular mail.

Dominick W. Savaiano, Esq.
Rodd E. Elges, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Joseph-Anthony DiMaio, Esq.
McKennon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Erik Loftus, Esq.
Law Offices of Stuart Blackburn
PO Box 608
Windsor Locks, CT 06096

of D'AMICO – BURCHFIELD, LLP

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CA 07-007 S-LDA<br><br>Judge:<br><br>(Removal of Case No. PC 2006-6522 filed in the Superior Court of Rhode Island) |

**REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COMES Plaintiff, EUGENIA CARVALHAL and hereby requests the following documents from Defendant MIDEA USA, INC (hereinafter "MIDEA"), to be produced pursuant to Rule 34 of the Federal Rules of Civil Procedure. These Requests are to be answered under oath and in writing within thirty (30) days of their receipt. These Requests are deemed to be continuous in nature, and should the Plaintiff, her attorneys, or anyone representing her interests become aware of or acquire any additional knowledge or information which affects the accuracy or completeness of any Response herein, it is hereby demanded that such knowledge or information be transmitted to the undersigned by way of supplemental Responses.

**DEFINITIONS**

1. The term "Person" means and includes, without limiting the generality of its meaning, each and every natural person, sole proprietorship, partnership, joint venture, corporate entity, social or political organization, association, subsidiary, trust, governmental body, agency, or any other entity, whether real or judicial, incorporated or unincorporated, and each of them

and all past and present officers, agents, employees, or other persons acting or purporting to act on such person's behalf.

2. The terms "relating to," "related to." or "relates to," shall mean consisting of, referring to, reflecting, or being in any way referring to, reflecting, or being in any way legally, logically, or factually connected with the matters discussed.

3. The terms "and" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response.

4. The term "communication" or "contact" includes any exchange of words, thoughts, or ideas by any means.

5. The terms "document," "documents," or "materials," are defined as every original (and every copy of any original or copy which defers in any way from any original) of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded, by any physical mechanical, electronic, or electrical means whatsoever, including, but not limited to, accounting, accounting records, advertisements, affidavits, agreements, analyses, annual reports, appointment books, appraisals, articles, articles of incorporation, assignments, audits, balance sheets, bills, bills of lading, bills of sale, blueprints, books, booklets, brochures, bulletins, business cards, by-laws, cables, calculations, calendars, catalogs, charts, checks, check registers, check stubs, circulars, customer lists, clippings, compact discs, computer cards, computer disks, computer printouts, computer programs, computer tapes, contracts, conveniences, corporate minute books, correspondence, data copulations, deeds, descriptions, designs, diagrams, diaries, drafts, drawings, e-mails, equipment lists, expense accounts, expense reports, files, films, financial statements, formulae, graphs, indices, instructions, invoices, leases, ledgers, lists, literature, log books, mailgrams, manuals,

maps, memoranda, messages, microfiche, microfilm, minutes, models, motion pictures, news clippings, notebooks, notations, notes, notices, opinions, orders, organizational charts, pamphlets, papers, parts list, periodicals, permits, personnel records, photographs, plans, pleadings, pocket calendars, press releases, prints, procedures, purchase orders, questionnaires, receipts, records, releases, reports, resolutions, resumes, schedules, schematics, shipping orders, sketches, slides, specifications, standards, statements, statements of account, studies, summaries, surveys, tapes, tape-recordings, tax returns, telephone bills, telegrams, telephone logs, telexes, tests, test results, trade letters, transcripts, warranties, work orders, work sheets, writings, and all materials within or upon which appears any writing or utterance, whether handwritten, typewritten, printed, transcribed, taped, recorded, filmed, punched, or produced by any other mechanical or electronic system or reproduction, and shall include each document known to the Plaintiff, her attorneys, accountants, employees, or agents.

6. The terms "MIDEA" and "You" include, for purposes of this discovery request, shall mean MIDEA USA, INC., its predecessors, successors, agents, employees, attorneys, representatives, and other persons acting on its behalf.

7. The term "residence" refers to Plaintiffs' home located at 76 Willett Avenue, East Providence, Rhode Island.

8. The term "incident" refers to the fire which occurred at the Plaintiffs' residence on February 27, 2004.

9. The term "product" refers to the water dispenser identified in the Plaintiffs' Complaint.

**REQUEST FOR PRODUCTION**

1. Produce all documents that support any of the allegations or affirmative defenses contained in your Answer to Plaintiff's Complaint.

2. Produce any documents, notes, writings, recordings, memoranda, and e-mail communications regarding any conversations or other communications by and between MIDEA with anyone from The Hartford Insurance Company or GENERAL ELECTRIC COMPANY. from the date of the incident up to and including the present date.

3. Produce all documents which you in any way reference or otherwise identify in your Answers to Interrogatories.

4. Produce all documents upon which you relied in any way in framing the affirmative defenses alleged in your Answer to Plaintiff's Complaint.

5. Produce any and all documents, notes, records, journals or data related to communications, either oral or written, between you and any other person or entity concerning any of the affirmative defenses raised in your Answer to Plaintiff's Complaint and/or any incidents, events, facts or occurrences which support or relate to said affirmative defenses, including but not limited to, incident reports, claim forms, photographs or communications regarding the incident.

6. Produce all written statements or communications made by any individual relating to the affirmative defenses alleged in your Answer to Plaintiff's Complaint, including but not limited to any statements, communications or correspondence by and between MIDEA and any third party related thereto.

7. Produce copies of all written or transcribed statements obtained by MIDEA or its attorneys from any person who has knowledge of any relevant facts of this case.

8. Produce all non-privileged statements and/or documents prepared by persons other than you or your attorney which relate to the facts contained in the Complaint.

9. Produce all documents, information or data detailing the condition and current location of any water dispenser that MIDEA inspected or tested at any time after being notified of the fire incident, other than the water dispenser allegedly involved in the fire at the Carvalhal residence.

10. Produce all documents, reports, evaluations, communications, or other writings as to the conduct or omissions of the Plaintiff as alleged in the affirmative defenses raised in your Answer to the Plaintiff's Complaint.

11. Any documents or records reflecting other reported similar incidents involving products of the same design as the product.

12. The results of any testing for product safety or safety inspection of the product.

Plaintiff,
By Her Attorneys,

**D'AMICO • BURCHFIELD, LLP**

Robert A. D'Amico, II, Esq. #4595
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212
(401) 454-1233 fax

**CERTIFICATION**

I hereby certify that on this 11th day of April, 2007, a true copy of the within document was sent to all counsel of record via regular mail.

Dominick W. Savaiano, Esq.
Rodd E. Elges, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Joseph-Anthony DiMaio, Esq.
McKennon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Erik Loftus
Law Offices of Stuart Blackburn
PO Box 608
Windsor Locks, CT 06096

of D'AMICO - BURCHFIELD, LLP