IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee of ALBERTO CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. CA 06 362 S |
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. CA 07 007 S |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' EXPRESS WARRANTY CLAIMS**

NOW COME the Defendants, MIDEA USA, INC. and GENERAL ELECTRIC COMPANY, by and through their attorneys, and hereby submit this Memorandum of Law in Support of their Motion for Summary Judgment in their favor regarding Plaintiffs' express warranty claims. Defendants are also filing herewith its Statement of Material Facts ("SMF") as to which there is no genuine issue to be tried, which is hereby incorporated by reference. In support of their Motion, Defendants state as follows:

On February 27, 2004, a fire occurred at the private residence of Alberto and Eugenia Carvalhal, in East Providence, Rhode Island (hereinafter referred to as "the Incident"). (SMF, p. 1). Pursuant to a homeowner's policy issued by The Hartford, the Carvalhals filed a claim seeking coverage of their related losses. (SMF, p. 1). In order to recover the funds that they paid out to the Carvalhals, The Hartford subsequently filed a six-count products liability lawsuit on July 14, 2006 against these Defendants. (SMF, p. 1). Counts II and V of The Hartford's Complaint seek recovery from the Defendants pursuant to a breach of express warranty claim. (SMF, p. 1). Thereafter, Eugenia Carvalhal filed her own lawsuit seeking recovery of her uninsured losses stemming from the Incident. (SMF, p. 1). Eugenia Carvalhal's current Compliant, as amended on April 3, 2007, is essentially identical to The Hartford's original Complaint at Law. (SMF, p. 1). More specifically, Counts II and V of Eugenia Carvalhal's Amended Complaint seek recovery against the Defendants pursuant to an express warranty product liability theory. (SMF, p. 2).

The Defendants are entitled to judgment as a matter of law because the uncontested facts in this matter show that neither of the Plaintiffs has established a prima facie case for a breach of express warranty as required by applicable law. There is no evidence whatsoever that the Defendants made any statements or representations to the Carvalhals which they could have relied upon (or been induced by) when making the purchase of the water dispenser which is alleged to be the cause of the fire. Plaintiffs' failure to allege facts and/or provide evidence to show a prima facie case for express warranty is a fatal flaw requiring that the Defendants be granted judgment in their favor as a matter of law with regards to Counts II and V of the Plaintiffs' Complaints.

## I. UNDISPUTED FACTS

On February 27, 2004, a fire occurred at the private residence of Alberto and Eugenia Carvalhal, located at 76 Willet Avenue, in East Providence, Rhode Island. (SMF, p. 1). At the time that the fire occurred, a General Electric water dispenser, Model No. GXCF05D, was located within the Carvalhals' kitchen. (SMF, p. 2). The subject water dispenser had been purchased by the Carvalhals in late Spring, 2003, from a Home Depot store located in Seekonk, Massachusetts. (SMF, p. 2). Prior to their purchase of the subject water dispenser, the Carvalhals did not come into possession of any information from either of the Defendants in this case. (SMF, p. 2). More specifically, the Carvalhals did not go to the Home Depot with the intention of purchasing a General Electric water dispenser, Model No. GXCF05D. (SMF, p. 2). The Carvalhals did not receive any communications or representations from the Defendants, or anyone else, regarding the performance and/or safety characteristics of the subject water dispenser. (SMF, p. 2). Likewise, they did not discuss these same issues with any salespeople or other representatives of Home Depot on the day the water dispenser was purchased. (SMF, p. 2). Furthermore, no representations were made regarding the performance of the subject water dispenser at any point after it had been purchased. (SMF, p. 2). Finally, neither the Complaint filed by The Hartford, nor the Complaint filed on behalf of Eugenia Carvalhal identify in any manner whatsoever, what representations the Defendants allegedly made which could serve as the basis for an express warranty claim in this instance. (SMF, p. 3).

## II. APPLICABLE LAW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Rathbun v. Autozone, Inc.*, 361 F.3d 62, 66 (1st Cir. 2004) (citing Fed. R. Civ. P. R.

56(c)). Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show, through materials of evidentiary quality, that such a dispute exists. *Id.* A properly supported motion for summary judgment cannot be defeated by relying upon improbable inferences, conclusory allegations, or rank speculation. *Id.*

Section 6A-2-313 of the Rhode Island General laws provides that express warranties by the seller are created as follows:

1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

*Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985). It is not necessary to the creation of an express warranty that the seller use formal words such as warrant or guarantee or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty. *Id.*

The plaintiff who claims breach of express warranty has the burden of proving that the statements or representation made by the seller induced her to purchase that product and that she relied upon such statements or representation. *Id.* The failure to identify specific advertising seen by the plaintiff and how it affected him is sufficient grounds for dismissing a cause of action based on breach of express warranty. *Smith v. Anheuser-Busch, Inc.*, 599 A.2d 320, 321 (R.I. 1991). For a plaintiff to make out a breach of express warranty claim, the plaintiff must

establish that the defendant warranted that the product would work in the manner alleged. *Salk v. Alpine Ski Shop, Inc.*, 342 A.2d 622, 626 (R.I. 1975).

## III. ARGUMENT

For Plaintiffs to prevail on Counts II and V of their respective Complaints for an alleged breach of express warranty, Plaintiffs must satisfy a three prong test. First, through competent evidence, they must establish that the Defendants made an express warranty regarding the product at issue. Second, they must show by competent evidence that the statements or representations made by the Defendants induced the Carvalhals to purchase the water dispenser. Finally, they must offer competent evidence indicating that the Carvalhals relied upon the statements or representations made by the Defendants in this case. In this instance, the undisputed facts in this case confirm that the Plaintiffs are unable to satisfy any of these three requirements. Consequently, the Defendants are entitled to judgment as a matter of law as to the express warranty claims in this case.

Eugenia Carvalhal's testimony regarding this issue is unequivocal and uncontradicted. She testified that the Defendants did not make any warranties, representations, nor did they have any other communications with the Plaintiffs in this case before or after their purchase of the water dispenser at issue. There is no evidence whatsoever in this case to substantiate the Plaintiffs' allegation that unspecified "advertisements, promotional literature and/or sales brochures" constituted express warranties made to the Carvalhals by Defendants in this case. Because there is no evidence that the Defendants made any express warranties at any point prior to the Carvalhals' purchase of the water dispenser, by implication the Plaintiffs are unable to satisfy *any* of the prima facie elements which they are obliged to show to maintain a breach of express warranty cause of action in this case.

**CONCLUSION**

A review of the uncontested facts in this matter establishes that the Plaintiffs have failed to satisfy their burden of proof of showing sufficient evidence to satisfy the applicable requirements for pleading a prima facie breach of express warranty cause of action. In the absence of competent evidence which could enable a jury to reasonably conclude that such a warranty had been made, Plaintiffs simply cannot prove their case. Consequently, the Defendants are entitled to Summary Judgment as to the express warranty causes of action as set forth in Plaintiffs' respective Complaints.

WHEREFORE, Defendants, GENERAL ELECTRIC CO. and MIDEA USA, INC., respectfully request that this Honorable Court grant their Motion for Summary Judgment and grant judgment as a matter of law in their favor as to Counts II and V of the Complaints filed by The Hartford and Eugenia Carvalhal, respectively, and for any other such relief that this Court deems appropriate and just.

Dated: June 8, 2007

/s/ Rodd E. Elges, Esq.
DOMINICK W. SAVAIANO
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
dsavaiano@clausen.com
relges@clausen.com
Attorneys for Defendants

AND

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

## CERTIFICATE OF MAILING AND ELECTRONIC SERVICE

I hereby certify that a true and correct copy of the above and foregoing was mailed to the following attorney(s) of record with sufficient postage thereon, on the 8th day of June, 2007. I hereby further certify that a true and correct copy of the above and foregoing was transmitted electronically to the following attorney(s) of record, on the 8th day of June, 2007.

Mark Dana, Esq.
Robert A. D'Amico, II, Esq.
536 Atwells Ave., Suite 1
Providence, RI 02909
401.454.1212
Fax: 401.454.4809
rad@dblawri.com
mwd@mdlawri.com

Richard Ari Van Tienhoven, Esq.
Van Tienhoven & Cotter, Ltd.
312 South Main Street
Providence, Rhode Island 02903;
ravt.ksc@conversent.net

Erik Loftus
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860.292.1116
eloftus@sbcglobal.net

Joseph-Anthony DiMaio
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, Rhode Island 02861
(401) 723-9655
Fax: (401) 722-9106
contact@mckinnonharwood.com

/s/ Rodd E. Elges, Esq.
Rodd E. Elges
CLAUSEN MILLER P.C.
10 S. LaSalle St.
Chicago, Illinois 60603
Phone: (312) 855-1010