IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee of ALBERTO CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. CA 06 362 S |
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. CA 07 007 S |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' EXPRESS WARRANTY CLAIMS**

NOW COME the Defendants, MIDEA USA, INC. and GENERAL ELECTRIC COMPANY, by and through their attorneys, and hereby submits the following statement of material facts as to which there is no genuine issue to be tried.

1. On February 27, 2004, a fire occurred at the private residence of Alberto and Eugenia Carvalhal, located at 76 Willet Avenue, in East Providence, Rhode Island (hereinafter referred to as "the Incident"). Pursuant to a homeowner's policy issued by The Hartford, the Carvalhals filed a claim seeking coverage of their related losses. In order to recover the funds that they paid out to the Carvalhals, The Hartford subsequently filed a six-count products

liability lawsuit on July 14, 2006 against these Defendants. Counts II and V of The Hartford's Complaint seek recovery from the Defendants pursuant to a breach of express warranty claim. (See generally, The Hartford's Complaint, a true and accurate copy of which is attached hereto as Exhibit "A")

2. Eugenia Carvalhal filed her own lawsuit seeking recovery of her uninsured losses stemming from the Incident. Eugenia Carvalhal's current Compliant, as amended on April 3, 2007, is essentially identical to The Hartford's original Complaint at Law. More specifically, Counts II and V of Eugenia Carvalhal's Amended Complaint seek recovery against the Defendants pursuant to an express warranty product liability theory. (See generally Eugenia Carvalhal's Amended Complaint, a true and accurate copy of which is attached hereto as Exhibit "B".)

3. At the time that the fire occurred, a General Electric water dispenser, Model No. GXCF05D, was located within the Carvalhals' kitchen. (See Exhibits "A" and "B".)

4. The subject water dispenser had been purchased by the Carvalhals in late Spring, 2003, from a Home Depot store located in Seekonk, Massachusetts. (See Answer to Interrogatory No. 6 of Plaintiff's Responses to Defendants' First Set of Interrogatories, a true and accurate copy of which is attached hereto as Exhibit "C".)

5. Prior to their purchase of the subject water dispenser, the Carvalhals did not come into possession of any information from either of the Defendants in this case. More specifically, the Carvalhals did not go to the Home Depot with the intention of purchasing a General Electric water dispenser, Model No. GXCF05D. (p. 51) The Carvalhals did not receive any communications or representations from the Defendants, or anyone else, regarding the performance and/or safety characteristics of the subject water dispenser. (p. 52-53) Likewise,

they did not discuss these same issues with any salespeople or other representatives of Home Depot on the day the water dispenser was purchased. (p. 57) Furthermore, no representations were made regarding the performance of the subject water dispenser at any point after it had been purchased. (p. 70-71) (See cited pages of the deposition transcript of Eugenia Carvalhal's deposition transcript, true and accurate copies of which are attached hereto as Exhibit "D".)

6. Neither the Complaint filed by The Hartford, nor the Complaint filed on behalf of Eugenia Carvalhal identify in any manner whatsoever, what representations the Defendants allegedly made which could serve as the basis for an express warranty claim in this instance. (See generally Exhibits "A" and "B".)

Dated: June 8, 2007

/s/ Rodd E. Elges, Esq.
DOMINICK W. SAVAIANO
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
dsavaiano@clausen.com
relges@clausen.com
Attorneys for Defendants

AND

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

**CERTIFICATE OF MAILING AND ELECTRONIC SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was mailed to the following attorney(s) of record with sufficient postage thereon, on the 8th day of June, 2007. I hereby further certify that a true and correct copy of the above and foregoing was transmitted electronically to the following attorney(s) of record, on the 8th day of June, 2007.

Mark Dana, Esq.
Robert A. D'Amico, II, Esq.
536 Atwells Ave., Suite 1
Providence, RI 02909
401.454.1212
Fax: 401.454.4809
rad@dblawri.com
mwd@mdlawri.com

Richard Ari Van Tienhoven, Esq.
Van Tienhoven & Cotter, Ltd.
312 South Main Street
Providence, Rhode Island 02903;
ravt.ksc@conversent.net

Erik Loftus
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860.292.1116
eloftus@sbcglobal.net

Joseph-Anthony DiMaio
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, Rhode Island 02861
(401) 723-9655
Fax: (401) 722-9106
contact@mckinnonharwood.com

/s/ Rodd E. Elges, Esq.
Rodd E. Elges
CLAUSEN MILLER P.C.
10 S. LaSalle St.
Chicago, Illinois 60603
Phone: (312) 855-1010