IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee of ALBERTO CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. CA 06 362 S |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO PLAINTIFF HARTFORD INSURANCE COMPANY 'S OBJECTION TO MAGISTRATE JUDGE ALMOND'S REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO PRECLUDE THE PLAINTIFF'S EXPERT'S AND FOR SUMMARY JUDGEMENT**

NOW COME the Defendants, MIDEA USA, INC. and GENERAL ELECTRIC COMPANY, and hereby files this Memorandum in Support of their Response to Plaintiff Hartford Insurance Company's Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment. In response to Plaintiff's Objections, Defendants state as follows:

## I. PROCEDURAL HISTORY

Plaintiff filed its original Complaint at Law in the Superior Court of Rhode Island on July 16, 2006. On August 9, 2006, Defendants duly filed an appropriate Notice removing Plaintiff's lawsuit to the Federal Court (Doc. 1). On October 16, 2006, the Court entered a Pre-Trial Order setting February 16, 2007 as the deadline for the parties' Rule 26(a)(2) disclosures (Doc. 16). Plaintiff filed their Rule 26(a)(2) disclosures for certain retained expert witnesses, including Ara Nalbandian and Michael Cooney on December 13, 2006. (Attached hereto and incorporated herein are Plaintiff's disclosures for Ara Nalbandian as Exhibit "A", and for Michael Cooney, as

Exhibit "B".) On February 16, 2007, the Defendants likewise filed a disclosure of experts' testimony in accordance with Rule 26(a)(2)(Attached hereto and made a part hereof is a copy of Defendants' Rule 26(a)(2) Disclosure as Exhibit "C").

Thereafter, pursuant to a Motion filed by the Defendants, the Court extended the deadline for completion of discovery to April 16, 2007 (Text Order of 2/20/07). Pursuant to a Motion filed by the Defendants on April 4, 2007, the Court granted Defendants leave to depose two of the Plaintiff's retained experts by no later than May 31, 2007. (Text Order of 4/11/07). Thereafter, Ara Nalbandian's deposition was completed on May 15, 2007, and Michael Cooney's deposition was completed on May 16, 2007. Thus, by mid-May 2007, the depositions of all of the Plaintiff's experts had been completed.

Pursuant to notice issued on May 14, 2007, a Summary Judgment Conference was held before Judge Smith on May 29, 2007. (Text Orders of 5/14/07 and 5/29/07). During the May 29th hearing, counsel for the Defendants advised both the Court and Plaintiff's counsel that they would be filing a *Daubert* motion. On June 8, 2007, Defendants MIDEA USA, INC. and Defendant GENERAL ELECTRIC COMPANY (hereinafter referred to collectively as the "Defendants") filed a Motion to Preclude Plaintiff's Experts and for Summary Judgment (Document No. 42), as well as a Memorandum in Support of its Motion to Preclude Plaintiff's Experts (Document No. 43). The Plaintiff's Response in Opposition to the Defendants' Motion was filed on June 22, 2007 (Document No. 47). On July 2, 2007, Defendants filed a Reply in Support of their pending Motion (Document No. 50).

Initially, a Court Order entered on July 17, 2007 set oral argument of the Defendants' Motion to Preclude Plaintiff's Experts and for Summary Judgment for August 15, 2007. (Text Order of 7/17/07). However, in order to accommodate the schedule of Plaintiff's counsel, a

Court Order entered on July 19, 2007 rescheduled the oral argument to September 5, 2007. (Text Order of 7/19/07). Thereafter, once again to accommodate Plaintiff's schedule, oral argument of the Defendants' Motion was rescheduled to September 14, 2007. (Text Order of 8/14/07). Magistrate Judge Almond heard oral arguments from the parties on September 14, 2007. On October 2, 2007, Magistrate Judge Almond filed his Report and Recommendation which recommended that the District Court grant the Defendants' Motion to Preclude the Testimony of the Plaintiff's Expert Witnesses and for Summary Judgment (Document No. 54).

On October 10, 2007, counsel for Plaintiff Hartford Insurance Company filed its Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment along with a Memorandum of Law (Plaintiff's Memorandum of Law is attached hereto as Exhibit "D"). Thereafter, the Defendants filed their Response to the Plaintiff's Objection and hereby tender this Memorandum of Law in Support thereof.

## II. ARGUMENT

Plaintiff's Memorandum of Law in Support of their Objection to the Report and Recommendation claims that the Court must reject same because: (1) Magistrate Judge Almond failed to take the deposition testimony of Plaintiff's experts into account and relied too heavily upon their written report, and (2) that Plaintiff was prejudiced by the absence of an evidentiary hearing in this instance. However, careful consideration of the procedural history of this matter, as well as the uncontested facts, reveal that Plaintiff's objections in this regard are baseless and must be rejected. Consequently, this Honorable Court should adopt Magistrate Judge Almond's Report and Recommendation as it pertains to the admissibility of the testimony of Ara Nalbandian and Michael Cooney in its entirety. Furthermore, because Plaintiff's objections are

without merit, the District Court should enter a Final Judgment in favor of Defendants as to all claims in the Plaintiff's Complaint.

**A. Plaintiff's Objection Claiming that Magistrate Judge Almond Did Not Consider the Deposition Testimony of the Plaintiff's Experts is Baseless and Must Be Rejected**

Plaintiff's Objection claims that the Report and Recommendation must be rejected because Magistrate Judge Almond disregarded the deposition testimony of Plaintiff's experts and tried to rely instead upon their written report. (Exhibit D, pp. 3-8) However, a review of Magistrate Judge Almond's Report and Recommendation reveals that this objection is baseless. While Magistrate Judge Almond acknowledges that Plaintiff's experts' written report dated September 29, 2004 served as the starting point of his evaluation of the admissibility of Mr. Nalbandian's and Mr. Cooney's opinions (Doc. 54, at p. 8), the Report and Recommendation clearly states that he went on to perform "a close review of Mr. Nalbandian's and Mr. Cooney's deposition testimony" in this matter. (*Id.* at p.9) Consequently, while Plaintiff's counsel may not agree with Magistrate Judge Almond's interpretation of Plaintiff's experts' deposition testimony in this case, the claim that his Report and Recommendation did not take such deposition testimony into account is simply incorrect.

The District Court also needs to carefully consider Plaintiff's attempt to rely upon the case law as a means of criticizing the weight Magistrate Judge Almond gave to the experts' report in this case. (Exhibit D, pp. 4-5) More specifically, Plaintiff's claim that Magistrate Judge Almond's interpretation of *Dunkin Donuts, Inc. v. Patel*, 174 App.Supp.2d 202 (U.S.D.C. NJ 2001) is "overly harsh", a review of *Dunkin Donuts* reveals that this is not the case. To the contrary, the court in *Dunkin Donuts* states that a Rule 26 expert report is intended to set forth the substance, the direct examination of the expert witness, must disclose the data upon which such opinions are based upon, as well as any other information considered by the expert. (*Id.* at

211). While Plaintiff's counsel may consider the ruling in *Dunkin Donuts* as "overly harsh", the opinion is clear that the purpose of Rule 26 reports is to avoid any ambiguity regarding the basis of expert opinions in Federal Court.

Likewise, Plaintiff's reliance upon *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193 (3rd Cir. 1978) for the proposition that "Testimony of an expert on matters within the expert's expertise but outside of the expert's report is not only permissible at trial, but the exclusion of such testimony at trial may be reversible error" is mistaken. To the contrary, this attributed quote does not appear within the four corners of the *DeMarines*' opinion. The court in *DeMarines* determined that it was error to exclude an expert witness' opinion because the pleadings and pre-trial order gave notice that the plaintiff would have an expert opine regarding his pre-existing medical infirmities, thus there was no surprise or prejudice. Because *DeMarines* does not address the issue of Rule 26 reports, it does not appear to be relevant to the issues at hand and is inappropriately relied on by Plaintiff.

**B. Plaintiff's Objection Claiming that they were Prejudiced Because Magistrate Judge Almond Did Not Conduct an Evidentiary Hearing is Baseless and Must Rejected**

Plaintiff's Objection alleging that they were prejudiced because Magistrate Judge Almond did not conduct an evidentiary hearing must be rejected because they failed to comply with Local Rule CV 7(e), were not otherwise entitled to an evidentiary hearing as a matter of right, and were not prejudiced in any way by the absence of an evidentiary hearing in this case.

**1) Plaintiff was Not Entitled to an Evidentiary Hearing**

In an attempt to substantiate the claim that the absence of an evidentiary hearing in this matter prejudiced the Plaintiff, Plaintiff's Memorandum of Law in Support of their Objection asserts that "The Court's clerk informed the Plaintiff that Judge Almond would not be allowing expert testimony during that hearing". (Exhibit D, p.2, "that hearing" referring to oral argument

held on February 14, 2007). This vague statement seems to imply that Plaintiff actually sought an evidentiary hearing in this case. However, the record shows that this simply is not true.

Local Rule CV 7(e) of the United States District Court for the District of Rhode Island provides in relevant part that:

> "Need for Evidentiary Hearing. All motions and objections shall contain a statement by counsel as to whether oral argument ***and/or*** an evidentiary hearing is requested; and, if so, the estimated time that will be required." LR. CV 7(e) (Emphasis added)

In this instance, Plaintiff was not entitled to an evidentiary hearing because they never requested one as expressly required by Local Rule CV 7(e). On June 22, 2007, Plaintiff filed its Objection to the Defendants' Motion to Preclude the Plaintiff's Experts Testimony and Objection to Summary Judgment. (Doc. 47-1, a copy of which is attached hereto as Exhibit E) Although Plaintiff's Objection as filed on June 22, 2007 did request oral argument, their Objection makes no mention whatsoever that the Plaintiff desired to have an evidentiary hearing in this instance. (Exhibit E, page 1, para.2.) Local Rule CV 7(e)'s plain language reaffirms (and thereby puts parties on notice) that there is a clear distinction between oral argument and an evidentiary hearing. The provisions of Local Rule CV 7(e) clearly establish that it is a litigant's responsibility to include a request for same in their written motion or objection. In light of their failure to abide by Local Rule CV 7(e) and provide a written request for an evidentiary hearing, Plaintiff's criticism of Magistrate Judge Almond's "failure to permit" an evidentiary hearing is completely baseless.

If Plaintiff's failure to request an evidentiary hearing in accordance with Local Rule CV 7(e) was a mistake, they had ample time to correct this error. Plaintiff's counsel was put on notice that Magistrate Judge Almond did not intend to permit Mr. Nalbandian and Mr. Cooney to testify during an evidentiary hearing by no later than July 18, 2007 (A true and accurate copy of

correspondence received from Erik Loftus on July 18, 2007 is attached hereto and incorporated herein as Exhibit "F".) Oral argument regarding the Defendants' Motion for Summary Judgment was not held until September 14, 2007. Consequently, Plaintiff's counsel had roughly two months to request and obtain leave of court to conduct an evidentiary hearing. Instead, Plaintiff did nothing to get an evidentiary hearing until eight days *after* Magistrate Judge Almond issued his Report and Recommendation. As argued more fully below, Plaintiff's decision not to request an evidentiary hearing in this matter in hopes of bolstering the viability of their experts' opinions was made at their own peril. Because Plaintiff waived their right to request an evidentiary hearing, they cannot now rely on the lack of same as a basis for objecting to Magistrate Judge Almond's Report and Recommendation.

**2) Plaintiff's Counsel Cannot Show that an Evidentiary Hearing in this Instance Could Have Changed the Outcome in this Case**

Simply put, there is no basis whatsoever for Plaintiff's contention that, had Mr. Nalbandian or Mr. Cooney been provided with yet another opportunity to "articulate" their opinions at an evidentiary hearing, the outcome (and thus Magistrate Judge Almond's Recommendation) would have been different in this instance. Implicit in Plaintiff's argument that they were prejudiced by the lack of an evidentiary hearing is the assumption that *Plaintiff's experts had additional opinions to offer*. This assumption is unwarranted for two fundamental reasons: 1) Plaintiff cannot point to any "new" evidence that could serve as the basis for any "new" opinions; and 2) Neither Mr. Nalbandian nor Mr. Cooney are qualified to render the type of "new" opinions that are required to satisfy the *Daubert* requirements.

While Plaintiff's objection infers that Mr. Nalbandian and Mr. Cooney received additional information after the issuance of their report that might serve as the basis of additional

opinions[1], the record provides ample evidence to the contrary. During Mr. Nalbandian's deposition, he was specifically asked what additional materials he had reviewed since the issuance of his written report dated September 29, 2004. (Relevant portions of Mr. Nalbandian's deposition testimony are attached hereto and incorporated herein as Exhibit "G"; see pages 45-50 of Exhibit G.) Mr. Nalbandian testified that since the issuance of his written report he had only reviewed the Defendants' Rule 26(a)(2) disclosures and Mr. Davoodi's written report. (*Id.*, p. 46 and p. 49-50). Mr. Nalbandian's testimony on this point establishes that he had not reviewed any other information developed during the course of discovery in this matter, including but not limited to the deposition transcripts of Eugenia Carvalhal or Peter Carvalhal, and the Defendants' respective responses to written discovery request made by Plaintiff's counsel. Upon further questioning, Mr. Nalbandian expressly confirmed that all the testing performed at Thielsch's Engineering was documented in the September 29, 2004 report. (*Id.* at p. 57.) The subject report was marked "Preliminary", and Mr. Nalbandian confirmed that Theilsch never issued a version of the report designated as "Final". (*Id.*, pp. 113-114.) In fact, Mr. Nalbandian testified that at the time that the report was issued there was no need to conduct any further investigation into the Carvalhal fire. (*Id.*) At the time of his deposition, Mr. Nalbandian acknowledged that he had not been asked to perform any additional work on his investigation of the Carvalhal fire. (*Id.*, p. 183.) Ultimately, **Mr. Nalbandian acknowledged that all of his opinions had been set forth in the Plaintiff's Rule 26(a)(2) disclosure**. *Id.*, p. 8. (A true and accurate copy of the subject disclosure is attached hereto and incorporated herein by reference as Exhibit "A".)

---

[1] "There is no bad faith as the Defendants had the opportunity to explore the intricacies and articulations of the opinions expressed by Mr. Cooney and Mr. Nalbandian during their respective depositions, such articulations being *made after review of materials disclosed in discovery, deposition testimony* and further reflections on the evidence." (Exhibit D, page 5.) (*Emphasis added.*)

Mr. Cooney provided similar testimony during his deposition. More specifically, Mr. Cooney testified that the report generated by Thielsch Engineering dated September 29, 2004, and labeled as "Preliminary" had never been updated to reflect the receipt of any additional evidence in this matter. (Relevant portions of Mr. Michael Cooney's deposition transcript are attached hereto and incorporated herein as Exhibit "H"; see pp. 82-85 of Exhibit H.) While Mr. Cooney acknowledged receiving certain physical evidence from Mr. Davoodi subsequent to the issuance of the report, and was aware that activities in the reports issued by the Defendants' retained experts in this matter, that additional information did not impact or change his opinions in this case. (*Id.* 82-85.) Like Mr. Nalbandian, Mr. Cooney never received any information from Plaintiff's counsel reflecting the Defendants' Responses to Written Discovery in this manner. (*Id.* 85-86.) Ultimately, like Mr. Nalbandian, **Mr. Cooney acknowledged that Plaintiff's Rule 26(a)(2) disclosure in this matter completely and accurately set forth in general terms the opinions he intended to render at the trial of this matter.** (*Id.*, p.38.) (A true and accurate copy of Plaintiff's Rule 26(a)(2) disclosure of Mr. Cooney's opinions is attached hereto and incorporated herein as Exhibit "B".)

Plaintiff's Objection claims that the lack of an evidentiary hearing precluded them from addressing the Court's concerns about the lack of competent expert testimony about what caused the Carvalhal fire (Exhibit D at page 6). However, **Plaintiff's Objection fails to affirmatively state a single opinion that any of their retained experts could have provided during the course of such an evidentiary hearing.** To the contrary, the uncontested evidence in this case clearly establishes that the Plaintiff's causation experts did not review any new information after the issuance of their written report that could serve as a legitimate basis for them to supplement their opinions. Accordingly, Mr. Nalbandian and Mr. Cooney testified that their opinions in this

matter were fully set forth in the Plaintiff's Rule 26(a)(2) disclosures. Thus, there is simply no factual basis for Plaintiff's claim that their causation experts required yet another opportunity to further "articulate" their opinions by way of an evidentiary hearing.

### C. Plaintiff's Attempt to Supplement the Evidentiary Record with Baseless Speculation and Unauthenticated Documents Must be Rejected

In a failed effort to supplement the expert opinions put into evidence at the time Magistrate Judge Almond issued his Report and Recommendation, Plaintiff's Objection speculates that had Mr. Nalbandian and Mr. Cooney been allowed to testify at an evidentiary hearing "they *may* have cited to fundamental electrical concepts such as the fact that arcing is one of the main ways in which electrical insulation, or combustibles in close proximity (*sic*) electrical components, can be ignited." (Exhibit D, p.6.) (*Emphasis added.*) However, the District Court, like Magistrate Judge Almond, cannot base its ruling on Defendant's pending motion on what opinions Plaintiff's experts "may" have in this instance. To the contrary, by bringing their Motion for Summary Judgment, Defendants shifted the burden of proof onto the Plaintiff to show, through materials of *evidentiary quality*, that a genuine issue of material fact exists in this case. *See, Rathbun v. Auto Zone, Inc.*, 361 F.3d 62, 66 (1st Cir. 2004) *citing* Fed. R. Civ. Pro. 56(c) (*Emphasis added*). Simply put, a properly supported Motion for Summary Judgment cannot be defeated by relying upon improbable inferences, conclusory allegations, or by rank speculation. (*Id.*)

While Plaintiff's counsel is willing to speculate that his causation experts "may have cited to fundamental electrical concepts such as the fact that arcing is one of the main ways in which electrical insulation, or combustibles in close proximity (*sic*) electrical components can be ignited" during an evidentiary hearing, there is no evidence before the District Court that either Mr. Nalbandian or Mr. Cooney are relying upon these principles. Neither Mr. Nalbandian nor

Mr. Cooney signed a sworn affidavit attesting to their reliance upon these newly disclosed principles that supposedly serve as a newly disclosed foundation for their opinions. Moreover, considering the strong evidence establishing that neither of the Plaintiff's causation experts has any expertise regarding electrical systems in consumer products[2], there is no basis for the Court to conclude that either Mr. Nalbandian or Mr. Cooney would be competent to execute an affidavit adopting these principles as a rationale for their opinions.

Because neither Mr. Nalbandian nor Mr. Cooney possess expertise with electrical systems in consumer products, Plaintiff's Objection mistakenly attempts to fill in the gaps in the foundation of their causation theory by citing to an unauthenticated document which purportedly espouse scientific principles that "may" explain how the Carvalhal fire started. More specifically, Exhibit E to Plaintiff's Objection appears to be a fourteen page document printed off the Internet website of "Interfire.org". While the Defendants may concede that the World Wide Web is a handy research tool, without the provision of an adequate foundation, documents from the internet are simply not admissible evidence in Federal Court proceedings. Plaintiff has provided no basis whatsoever that would enable this Court to consider Exhibit E as part of its evaluation of Magistrate Judge Almond's Report and Recommendation.

Exhibit E to Plaintiff's Objection is not competent evidence, cannot serve as a basis for the District Court's decision in this matter, and must be disregarded in its entirety. Documents supporting or opposing a motion for summary judgment must be properly authenticated. See, Fed. R. Civ. Pro. 56(e). In this instance, Plaintiff has offered no basis for the District Court to conclude that Exhibit E to their Objection is self-authenticating pursuant to Federal Rule of

[2] Ara Nalbandian's and Michael Cooney's lack of qualifications in this regard is addressed in Defendants' Reply in Support of their Motion to Preclude the Testimony of Plaintiff's Expert Witnesses and for Summary Judgment, Document No. 50, at pages 4-5.

Evidence 902. For a document to be admissible at the summary judgment stage, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e). *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (*internal citations omitted).* Failure to properly authenticate a document precludes its consideration on a motion for summary judgment. (*Id.*, *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 16 (1st Cir. 1986).) Inasmuch as Plaintiff has failed to provide this Court with an affidavit executed by a witness who would be qualified to authenticate Exhibit E as an exhibit at trial (or any other acceptable means of authentication), the Court must strike it from the record and not take Exhibit E into consideration in making a ruling on Defendant's pending Motion for Summary Judgment.

**D. Plaintiff's Request for an Evidentiary Hearing Must Be Denied.**

"(A) litigants failure to buttress its position because of confidence in the strength of that position is always indulged in at the litigant's own risk." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 897, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In light of the foregoing procedural history, Plaintiff's request for an evidentiary hearing at this late hour must be rejected. Opposing counsel was fully aware for roughly two months before oral argument was held on September 14, 2007, that Magistrate Judge Almond was not going to conduct an evidentiary hearing prior to issuing his Report and Recommendation. Instead of taking action to further substantiate the admissibility of Mr. Nalbandian's and Mr. Cooney's opinions, Plaintiff's counsel did nothing, choosing instead to stand on their testimony as set forth in their written report and respective depositions. In accordance with *Lujan*, the Plaintiff's failure to buttress its position in this instance because of their confidence in the strength of their belief that Mr. Nalbandian and Mr. Cooney's opinions would be admissible in this case was indulged in at their own risk.

Like the plaintiffs in *Lujan*, opposing counsel was given ample notice that the viability of their case would be put at issue by virtue of a dispositve motion. Plaintiff's counsel was first put

on notice that the testimony of their retained experts would need to satisfy the standards set forth in *Daubert* and *Kumho Tire* on August 9, 2006, when Defendants filed a Notice removing Plaintiff's lawsuit to the Federal Court (Doc. 1). Next, the Defendants' identification of Duncan Glover, an electrical engineer, as a retained expert witness in their Rule 26(a)(2)(A) disclosure filed on February 16, 2007 (Exhibit "C"), gave Plaintiff further warning that the causation issues in this case were well outside the expertise of Mr. Nalbandian and Mr. Cooney. The necessity of having adequate expertise to opine on electrical issues was also emphasized at the depositions of Plaintiff's experts which were completed by mid-May 2007. During said depositions (which Plaintiff's counsel attended), counsel for the Defendants' clearly established that neither Mr. Nalbandian nor Mr. Cooney possessed the requisite expertise to opine on the relevant electrical issues in this case. Finally, during the Summary Judgment Conference held on May 29, 2007, ten days prior to the Defendants' filing their Motion to Exclude the Testimony of the Plaintiff's Experts, counsel for the Defendants informed both opposing counsel and the Court that they would be filing a motion challenging the admissibility of the disputed expert opinions in accordance with *Daubert*.

Despite Defendants' own disclosure of an electrical expert, the groundwork laid for a *Daubert* challenge during Mr. Nalbandian's and Mr. Cooney's respective depositions, and the express warning about a forthcoming *Daubert* motion provided to Plaintiff's on May 29, 2007, opposing counsel made no attempt whatsoever to request or obtain leave of court to arrange for an evidentiary hearing nor did they submit sworn affidavits as permitted by Rule 56. To the contrary, Plaintiff's counsel did nothing until October 10, 2007, eight days *after* Magistrate Judge Almond recommended that the Defendants' Motion to Preclude Mr. Nalbandian and Mr. Cooney's testimony be granted.

Since the issuance of the *Daubert* decision, litigants have been put on notice about the exacting standards of reliability that expert witness testimony must meet to be admissible. *Weisgram v. Marley Company*, 528 U.S. 440, 455, 120 S.Ct. 1011 (2000). Moreover, "It is implausible to suggest, post-*Daubert*, that parties will initially present less than their best evidence in the expectation of a second chance should their first try fail." *Id.* In light of *Daubert*, parties who fail to use due diligence to proffer the strongest available expert witness testimony do so at their own peril. *Id.* at 456, (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 897, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). Granting Plaintiff's request for an evidentiary hearing at this late hour would only serve to reward the Plaintiff for taking such a risk, while simultaneously punishing the Defendants' diligence in bringing their *Daubert* Motion.

## III. CONCLUSION

In light of the foregoing, the District Court must reject Plaintiff Hartford Insurance Company's Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment in accordance with Rule 72(b). Contrary to the arguments set forth in Plaintiff's Objection, Magistrate Judge Almond's determination that Plaintiff's experts, Ara Nalbandian and Michael Cooney, should be precluded from testifying and that the Defendants' Motion for Summary Judgment should be granted is clearly substantiated by all of the evidence in this matter, and reflects that appropriate application of the law.

WHEREFORE, these Defendants hereby request that Plaintiff's Objection be overruled and that the District Court enter an Order adopting Magistrate Judge Almond's Report and Recommendation dated October 2, 2007, and

Dated: October 19, 2007

/s/ Rodd E. Elges, Esq.
DOMINICK W. SAVAIANO
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
dsavaiano@clausen.com
relges@clausen.com
Attorneys for Defendants

AND

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

# EXHIBITS

| | |
|---|---|
| Exhibit A | Plaintiff The Hartford Insurance Company's Rule 26(a)(2)(B) Disclosure of Expert Witness - Ara Nalbandian |
| Exhibit B | Plaintiff The Hartford Insurance Company's Rule 26(a)(2)(B) Disclosure of Expert Witness - Michael Cooney |
| Exhibit C | Defendants' Rule 26(a)(2)(A)(1) Disclosure of Expert Testimony |
| Exhibit D | Memorandum of Law in Support of Plaintiff Hartford Insurance Company's Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment |
| Exhibit E | Plaintiff Hartford Insurance Company's Objection to Defendants' Motion to Preclude the Plaintiff's Experts and Objection to Summary Judgment |
| Exhibit F | July 18, 2007 e-mail correspondence from Erik Loftus |
| Exhibit G | Relevant portions of the deposition transcript of Ara Nalbandian |
| Exhibit H | Relevant portions of the deposition transcript of Michael Cooney |

**CERTIFICATE OF MAILING AND ELECTRONIC SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was mailed to the following attorney(s) of record with sufficient postage thereon, on the 19th day of October, 2007. I hereby further certify that a true and correct copy of the above and foregoing was transmitted electronically to the following attorney(s) of record, on the 19th day of October, 2007.

Mark Dana, Esq.
Robert A. D'Amico, II, Esq.
536 Atwells Ave., Suite 1
Providence, RI 02909
401.454.1212
Fax: 401.454.4809
rad@dblawri.com
mwd@mdlawri.com

Richard Ari Van Tienhoven, Esq.
Van Tienhoven & Cotter, Ltd.
312 South Main Street
Providence, Rhode Island 02903;
ravt.ksc@conversent.net

Erik Loftus
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860.292.1116
eloftus@sbcglobal.net

Joseph-Anthony DiMaio
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, Rhode Island 02861
(401) 723-9655
Fax: (401) 722-9106
contact@mckinnonharwood.com

/s/ Rodd E. Elges
Rodd E. Elges
CLAUSEN MILLER P.C.
10 S. LaSalle St.
Chicago, Illinois 60603
Phone: (312) 855-1010