UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee | : | |
| v. | : | C.A. No. 06-362S |
| GENERAL ELECTRIC COMPANY, et al. | : | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Time in Which to Disclose Expert Witnesses. (Document No. 58). Defendants filed an objection. (Document No. 67). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. Neither party has requested argument or hearing on this Motion, LR Cv 7(e), and I have determined that none is necessary to resolve this Motion.

**Background**

This case arises out of a house fire that occurred on February 27, 2004 in East Providence. In July 2006, the homeowners' insurer, The Hartford Insurance Co. ("Plaintiff"), filed this subrogation claim in state court against the manufacturer, Midea U.S.A., Inc. ("Midea"), and distributor, General Electric Co. ("GE"), of a GE hot/cold water dispenser. Plaintiff alleges that the water dispenser was defective and that the defect caused the house fire. The case was removed to this Court in August 2006. (Document No. 1). On October 18, 2006, Judge Smith issued a Pretrial Order which required the parties to make their expert witness disclosures and reports as required by Fed. R. Civ. P. 26(a)(2) by February 16, 2007. (Document No. 16). The Order also advised the parties that "[a]ny expert witness not disclosed by these dates will not be allowed to testify unless

authorized by the Court." Id. Plaintiff's experts were timely disclosed and deposed by Defendants. Defendants also timely disclosed their experts. (Document No. 67, Ex. A).

On June 8, 2007, Defendants filed a Motion to Preclude Plaintiff's Experts under Daubert and for Summary Judgment. By Report and Recommendation ("R&R") dated October 2, 2007, I recommended preclusion of Plaintiff's causation experts and that summary judgment enter in favor of Defendants. (Document No. 54). Plaintiff objected to my R&R (Document No. 57) which is currently pending before Judge Smith.

**Discussion**

Plaintiff's Motion is styled as one for an extension of time. However, it is more accurately described as one to reopen expert discovery in reaction to my R&R. In other words, Plaintiff seeks a second chance to retain a fire causation expert who passes muster under Daubert.[1]

Although the Court has the discretion to reopen discovery, Plaintiff has shown absolutely no good reason to do so under these circumstances. See Down East Energy Corp. v. Niagara Fire Ins. Co., 176 F.3d 7, 13 (1st Cir. 1999) (District Court acted well within its discretion over pre-trial management matters in "denying [a party's] request to reopen discovery at such a late date without good cause."). Defendants' attack on the admissibility of Plaintiff's fire causation experts was not a surprise to Plaintiff. On February 16, 2007, Defendants disclosed their experts pursuant to Fed. R. Civ. P. 26(a)(2). (Document No. 67, Ex. A). One of the experts disclosed by Defendants (J. Duncan Glover of Failure Electrical, LLC) is an electrical engineer and in his report, he indicates that he reviewed the report of Plaintiff's causation experts[2] and identifies certain claimed

[1] In my R&R, I rejected Defendants' attack on the admissibility of Plaintiff's fire origin expert.

[2] Plaintiff's causation experts (Mr. Nalbandian and Mr. Cooney) are not electrical engineers.

deficiencies in their disclosures. Further, Defendants' counsel deposed Plaintiff's causation experts in May 2007 and inquired at length as to their qualifications to render an electrical opinion and the basis for any such opinions.

On May 29, 2007, a summary judgment conference was held before Judge Smith, and Defendants advised they would be making a Daubert challenge to Plaintiff's experts. Defendants' Daubert Motion was filed on June 8, 2007, argued[3] before me on September 14, 2007 and the subject of an R&R issued on October 2, 2007.

During this entire period, Plaintiff never requested an opportunity to retain a new or supplemental expert. Plaintiff relied on the sufficiency of its previously disclosed causation experts and did so at its peril. See Down East Energy, 176 F.3d at 13 (Appeals Court upheld denial of request to reopen discovery and declined to "save [a party] from the consequences" of its litigation strategy.). Discovery in this case closed several months ago. Defendants moved for summary judgment based on Plaintiff's expert disclosures and the evidentiary record developed during the discovery period. The Court then invested its time and resources to consider and resolve that motion based on the present record.

The fact that Plaintiff does not like the outcome is not a good reason to turn back the clock and give it a "do over." In the instant Motion, Plaintiff argues that "if given additional time, [it] will be able to retain an expert which will address [my] concerns...." (Document No. 58 at 1). The

[3] In its objection to my R&R, Plaintiff asserts that I "would not entertain any expert testimony" and that my clerk so informed Plaintiff's counsel. (Document No. 57 at 2, 10). It is true that I did not request expert testimony and scheduled the case for oral argument and not an evidentiary hearing. However, I scheduled the matter for oral argument at the explicit request of the parties. See Document No. 42 at 2; and Document No. 47 at 1 ("the Plaintiff joins the Defendants' request for oral argument with respect to these issues"). Neither party requested an evidentiary hearing as it is required to do under Local Rule Civil 7(e) if it wants one. Plaintiff's counsel's attempt to blame me for not granting him an evidentiary hearing he did not request is misplaced.

bottom line is that Plaintiff's causation experts were unable to adequately defend the electrical aspect of their opinion when examined at their depositions. In fact, at the argument on Defendants' Summary Judgment Motion, Plaintiff's counsel told me that I should "forget about the heat sensor" which was central in his experts' causation theory.

Plaintiff offers no good reason to reopen expert discovery at this late stage. Plaintiff was confident in the reliability of its causation experts and its decision not to retain and disclose an electrical expert. Based on my review of the record, Plaintiff miscalculated. Plaintiff has exercised its right to object to my conclusion and has sought de novo review by Judge Smith. If Judge Smith reaches a different conclusion and sustains Plaintiff's objection to my R&R, the case will proceed to trial. Alternatively, if he accepts and adopts my R&R, final judgment will enter in Defendants' favor, and Plaintiff would have the right to appeal.

Plaintiff also contends that the "prejudicial effects" of reopening expert discovery "would be minimal." (Document No. 58 at 2). Plaintiff is incorrect. Based on Plaintiff's expert disclosures and the record developed during discovery, Defendants made a strategic decision to invest time and resources in pursuing a dispositive motion. If the record was different, Defendants may have opted not to invest in a dispositive motion. If Plaintiff's Motion is granted, it will need a period of time to identify and retain a new expert and to make the required Fed. R. Civ. P. 26(a) disclosures.[4] Fairness would then dictate that Defendants be able to depose that new expert and be given the opportunity to retain a new rebuttal expert. Plaintiff would then depose any new rebuttal expert. This may trigger another dispositive motion from Defendants and the time and expense to Defendants of another round of briefing and argument. This process would likely take several

[4] In its Motion, Plaintiff asks for "additional time" but does not offer any estimate as to how much "additional time" would be needed.

months. Further, it would result in the prior dispositive motion exercise becoming a largely pointless exercise and a waste of time and money. If Plaintiff's Motion was granted, the prejudice to Defendants would be far more than minimal in terms of delay and increase expert and defense costs.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Time in Which to Disclose Expert Witnesses (Document No. 58) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States District Court
October 29, 2007