# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee of Alberto Carvalhal<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CA 06-362 S-LDA<br><br>Judge: |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST TO ADMIT**

1. On February 27, 2004, a fire occurred at the private residence of Alberto and Eugenia Carvalhal, located at 76 Willett Avenue, East Providence, Rhode Island (hereinafter referred to as "the Incident").

**ANSWER:**

**Admitted.**

2. The Hartford received notice of the incident on or about March 1, 2004.

**ANSWER:**

**Admitted.**

3. The Hartford first issued notice of the incident to Midea on March 12, 2004.

**ANSWER:**

**Admitted.**

4. The Hartford first issued notice of the incident to General Electric on March 12, 2004.

**ANSWER:**

**Admitted.**

5. On March 3, 2004, Hoossein Davoodi performed an inspection of 76 Willett Avenue, in East Providence, Rhode Island.

**ANSWER:**

**Admitted.**

6. At the request of The Hartford, on March 3, 2004, its expert performed an inspection of 76 Willett Avenue, in East Providence, Rhode Island.

**ANSWER:**

**Admitted.**

7. During the inspection on March 3, 2004, the Hartford's expert evaluated the kitchen area and its contents at 76 Willett Avenue, in East Providence, Rhode Island.

**ANSWER:**

**Admitted.**

8. The Hartford, its insureds, and its agents did not give General Electric notice of the Incident prior to March 3, 2004.

**<u>ANSWER:</u>**

**Admitted.**

9. The Hartford, its insureds, and its agents did not give Midea notice of the Incident prior to March 3, 2004.

**<u>ANSWER:</u>**

**Admitted.**

10. The Hartford, its insureds, and its agents did not give General Electric notice of the Incident prior to March 12, 2004.

**<u>ANSWER:</u>**

**Admitted.**

11. The Hartford, its insureds, and its agents did not give Midea notice of the Incident prior to March 12, 2004.

**ANSWER:**

**Admitted.**

12. At some point after March 3, 2004 but before March 12, 2004, The Hartford authorized contractors to commence work at 76 Willet Avenue, East Providence, Rhode Island.

**ANSWER:**

**Denied. The insured, Alberto Carvalhal, and his son, Peter Carvalhal, contacted and retained all remediation contractors who worked on the fire scene. The exact date work began is unknown to The Hartford as it would have been Alberto Carvalhal (deceased) who authorized such work to commence.**

13. At some point after March 3, 2004 but before March 12, 2004, contractors authorized by the Hartford performed work in and around the kitchen area at 76 Willet Avenue, East Providence, Rhode Island.

**ANSWER:**

**Denied in part. It is denied that The Hartford authorized any contractors to perform work in or around the kitchen area. With respect to the remainder of the statement, the Plaintiff cannot truthfully admit or deny this statement. It is the Plaintiff's belief that the insured Alberto Carvalhal (deceased) contacted and authorized remediation work, and the exact date that work began is unknown.**

14. At some point after March 3, 2004 but before March 12, 2004, contractors authorized by the Hartford changed the conditions in and around the kitchen area at 76 Willet Avenue, East Providence, Rhode Island.

**ANSWER:**

**Denied in part. It is denied that The Hartford authorized any contractors to perform work in or around the kitchen area. With respect to the remainder of the statement, the Plaintiff cannot truthfully admit or deny this statement. It is the Plaintiff's belief that the insured Alberto Carvalhal (deceased) contacted and authorized remediation work, and the exact date that work began is unknown.**

15. At some point after March 3, 2004 but before March 12, 2004, contractors authorized by the Hartford removed materials from in and around the kitchen area at 76 Willet Avenue, East Providence, Rhode Island.

**ANSWER:**

**Denied in part. It is denied that The Hartford authorized any contractors to perform work in or around the kitchen area. With respect to the remainder of the statement, the Plaintiff cannot truthfully admit or deny this statement. It is the Plaintiff's belief that the insured Alberto Carvalhal (deceased) contacted and authorized remediation work, and the exact date that work began is unknown.**

16. At some point after March 3, 2004 but before March 12, 2004, contractors authorized by the Hartford cleaned, repaired, and/or otherwise modified the kitchen area at 76 Willet Avenue, East Providence, Rhode Island.

**ANSWER:**

**Denied in part. It is denied that The Hartford authorized any contractors to perform work in or around the kitchen area. With respect to the remainder of the statement, the Plaintiff cannot truthfully admit or deny this statement. It is the Plaintiff's belief that the insured Alberto Carvalhal (deceased) contacted and authorized remediation work, and the exact date that work began is unknown.**

17. At all times after March 11, 2004, conditions in the kitchen area at 76 Willet Avenue, East Providence, Rhode Island, were not the same as they were on March 3, 2004.

**ANSWER:**

**The Plaintiff cannot truthfully admit or deny this statement. It is the Plaintiff's belief that the insured Alberto Carvalhal (deceased) contacted and authorized remediation work, and the exact date that work began is unknown.**

18. At all times after March 11, 2004, conditions in the kitchen area at 76 Willet Avenue, East Providence, Rhode Island, were not the same as they were on March 1, 2004.

**ANSWER:**

**The Plaintiff cannot truthfully admit or deny this statement. It is the Plaintiff's belief that the insured Alberto Carvalhal (deceased) contacted and authorized remediation work, and the exact date that work began is unknown.**

19. At all times after March 11, 2004, conditions in the kitchen area at 76 Willet Avenue, East Providence, Rhode Island, were not the same as they were on the day of the incident.

**ANSWER:**

**The Plaintiff cannot truthfully admit or deny this statement. It is the Plaintiff's belief that the insured Alberto Carvalhal (deceased) contacted and authorized remediation work, and the exact date that work began is unknown.**

20. General Electric did not receive notice of the Incident until approximately March 15, 2004.

**ANSWER:**

**The Plaintiff cannot truthfully admit or deny this statement as this information is solely within the knowledge of the Defendant General Electric. Even if this information was told to the Plaintiff by Defendant General Electric, the Plaintiff has no way to verify the truth of such statement.**

21. Midea did not receive notice of the Incident until approximately March 29, 2004.

**ANSWER:**

**The Plaintiff cannot truthfully admit or deny this statement as this information is solely within the knowledge of the Defendant Midea. Even if this information was told to the Plaintiff by Defendant Midea, the Plaintiff has no way to verify the truth of such statement.**

22. Plaintiffs did not take steps to preserve conditions or evidence at 76 Willet Avenue, East Providence, Rhode Island after March 3, 2004.

**ANSWER:**

**Denied. The Plaintiff took photographs and video footage of the scene and ensured that all relevant evidence was removed and retained in the condition it was in at the time of the fire.**

23. Experts retained by the Hartford obtained a water dispenser similar to the one identified in the Plaintiffs' Complaint from one of the Carvalhals' daughters.

**ANSWER:**

**Admitted.**

24. The water dispenser provided by the Carvalhals' daughter that was given to the Hartford's expert was the same make and model as the water dispenser identified in the Plaintiffs' Complaint.

**ANSWER:**

**Admitted.**

25. The water dispenser that was given to the Hartford's expert by the Carvalhals' daughter was purchased at the same Home Depot store where the water dispenser identified in the Plaintiffs' Complaint was purchased.

**ANSWER:**

**Admitted.**

26. Plaintiff's expert evaluated the water dispenser he received from the Carvalhals' daughter.

**ANSWER:**

**Admitted.**

27. Without prior notice to the Defendants, Plaintiff's expert disposed of the water dispenser he received from the Carvalhals' daughter.

**ANSWER:**

**Admitted.**

28. Plaintiff's expert has no records or documentation regarding his disposal of the water dispenser he received from the Carvalhals' daughter.

**ANSWER:**

**Admitted.**

29. The Hartford, its insured, and its agents did not provide the Defendants with access to the coffee pot that was present in the kitchen at 76 Willett Avenue, East Providence, Rhode Island, on the day of the incident.

**ANSWER:**

**Admitted.**

30. The Hartford, its insured, and its agents did not provide the Defendants with access to the stove that was present in the kitchen at 76 Willett Avenue, East Providence, Rhode Island, on the day of the incident.

**ANSWER:**

**Admitted.**

31. The Hartford, its insured, and its agents did not provide the Defendants with access to the toaster oven that was present in the kitchen at 76 Willett Avenue, East Providence, Rhode Island, on the day of the incident.

**ANSWER:**

**Admitted.**

32. The Hartford, its insured, and its agents did not provide the Defendants with access to the microwave that was present in the kitchen at 76 Willett Avenue, East Providence, Rhode Island, on the day of the incident.

**ANSWER:**

**Admitted.**

33. The Hartford, its insured, and its agents did not provide the Defendants with access any electrical appliances that were present in the kitchen at 76 Willett Avenue, East Providence, Rhode Island, on the day of the incident, other than the water dispenser and the mixer.

**ANSWER:**

**Admitted.**

THE PLAINTIFF,

Dated: April 10, 2007

By:________________________
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
2 Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel. (860) 292-1116
Fax (860) 292-1221

**CERTIFICATION**

I hereby certify that a copy of the foregoing PLAINTIFF'S RESPONSES TO REQUESTS TO ADMIT have been hand-delivered this 10th day of April, 2007 to the following:

Rodd Elges, Esq.
Clausen Miller P.C.
10 South LaSalle Street
Chicago, IL 60603
(General Electric Company)

Robert A. D'Amico II, Esq.
D'Amico – Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909
(Eugenia Carvalhal)

And mailed this 10th day of April, 2007, via first class mail, postage prepaid to the following:

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(General Electric Company)

Kevin S. Cotter, Esq.
Van Tienhoven & Cotter
312 South Main Street
Providence, RI 02903
(Hartford Ins. Co.)

Erik Loftus, Esq.