UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, et al. | C.A. No. 06-362S |
| EUGENIA CARVALHAL<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, et al. | C.A. No. 07-007S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge

These consolidated cases result from a house fire on February 27, 2004. In C.A. No. 06-362S, the homeowner's insurer, The Hartford Insurance Co. ("Hartford") brings a subrogation claim against Midea U.S.A., Inc. ("Midea") and General Electric Co. ("GE"), the manufacturer and distributor, respectively, of a GE-brand water dispenser. Hartford alleges that the water dispenser was defective and that the defect caused the house fire. The consolidated case, C.A. No. 07-007S, is brought by the homeowner against Midea and GE and seeks compensation for damages arising from the fire that were not covered or reimbursed by Hartford. On October 2, 2007, Magistrate Judge Lincoln Almond issued a

comprehensive Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion to Preclude the Testimony of Plaintiffs' Expert Witnesses and for Summary Judgment ("Motion"), and enter final judgment in both cases in favor of Defendants as to all claims in Plaintiffs' Complaints. This matter is now before the Court on the objections of Hartford, GE, and Midea to Judge Almond's R&R.[1]

Pursuant to Fed. R. Civ. P. 72, the Court must make "a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Id. De novo review, however, does not contemplate consideration by the Court of arguments not seasonably raised before the Magistrate. See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) (litigants may not "feint and weave at the initial hearing, and save [the] knockout punch for the second round"); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their best shot but all of their shots.") (internal citation and quotation marks omitted).

[1] There is a dispute as to whether the homeowner, Eugenia Carvalhal, having made the decision to rely on the expert testimony proffered by Hartford, has standing to object to the Magistrate's R&R. The Court finds it unnecessary to decide this issue since no argument made by Carvalhal at the hearing on Hartford's objection alters the analysis herein.

Judge Almond's R&R thoroughly sets forth the pertinent facts underlying the Defendants' Motion and they will not be parroted here. However, the Court will add a few words in order to deal with the parties' objections. For the following reasons, the Court adopts Judge Almond's R&R in its entirety.

I. Hartford's Objection

Hartford objects to the Magistrate's determination that Michael Cooney and Ara Nalbandian, Hartford's causation experts, should be precluded from testifying on the ground that their expert report provided no scientific basis for their causation theory. R&R at 11. Hartford further objects to the Magistrate's recommendation, based on the exclusion of the causation experts' testimony, that the Court enter summary judgment for Defendants.

At least since the Supreme Court's decision in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), it has been axiomatic that District Courts are charged with the responsibility to exclude unreliable expert testimony. Id. at 597; see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999) (District Court responsibility extends to all expert testimony, not just scientific expert testimony). Expert testimony must be shown to be based on more than the subjective belief or unsupported speculation of the expert. Daubert, 509 U.S. at 590. The burden of laying the proper foundation for admission of the expert testimony is on the proponent of the expert testimony, and its admissibility must be

shown by a preponderance of the evidence. Daubert, 509 U.S. at 592 n.10; see also Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999). With respect to its causation experts, Hartford failed to satisfy this stringent standard and consequently the causation experts' testimony is properly excluded.

This is a product liability case premised on a defective water dispenser. The causation experts' joint report characterized the defect as "the presence of high chlorine levels in the insulation on the hot water tank/heater assembly." Nalbandian/Cooney Report at 7. According to the report, the chlorine produced "cracking and corrosion pitting" of the hot water tank which eventually resulted in water leakage from the tank. Id. at 8,9. Based as it was on apparently methodical scientific testing, this opinion is uncontroversial with respect to how it was formed. However, the report continued on to opine that the corrosion would have caused the water dispenser's heat sensor to malfunction, possibly resulting in a continuously operating heating element and eventual fire. Nalbandian/Cooney Report at 8. As Judge Almond noted, the report provides no scientific support for this heat sensor malfunction theory. R&R at 8-9. Although Hartford contends that Judge Almond failed to properly consider the cause experts' "articulation" of their opinion in their depositions, the Court is satisfied that Judge Almond did consider the deposition testimony

and properly concluded that the testimony does not support the experts' causation opinion.

Moreover, at his deposition, Mr. Cooney actually expanded on the expert report, testifying that an unspecified failure in the heating system, not necessarily a malfunction specific to the heat sensor, could have caused the fire. In any event, as set forth in Judge Almond's well-reasoned analysis, the deposition testimony reveals that the experts have no sound basis to draw the conclusion that the fire was caused by a malfunction in the water dispenser's heating system, let alone the heat sensor. The experts are not trained as electricians and performed no testing of the heating system. Although Hartford argued at oral argument that the electrical system was destroyed to the point that no analysis by the experts was possible, the expert report describes a detailed examination of the heater assembly, including observations that "[e]vidence of damage or degradation to the heating coil was not observed," and "[e]vidence indicative of electrical arcing or shorts was not observed." Hartford also had access to an exemplar of the heating element on which it could have, but did not, conduct additional testing. The net result, as Judge Almond found, is that the experts could draw no line between the alleged defect and the ignition of the fire.

Furthermore, at the least, this change in the experts' opinion required Hartford to supplement the earlier disclosed expert report

prior to the expert depositions in order to provide Defendants the opportunity to review and analyze the methodology of the witnesses. However, Hartford did not, and apparently still has not, provided Defendants with the required supplementation. Hartford's counsel took the position at oral argument that the expert deposition testimony was sufficient notice of the changed conclusion (really a new theory altogether). This is just dead wrong. The mandate to supplement is an affirmative duty not satisfied simply by making an expert available for deposition. See Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired . . . ."); see also Arthur v. Atkinson Freight Lines Corp., 164 F.R.D. 19, 20 (S.D.N.Y. 1995) ("Fed. R. Civ. P. 26(e) places an affirmative duty on an attorney to fully disclose and then supplement disclosure to his adversary.").

Even if Hartford had provided a supplement, as required by Fed. R. Civ. P. 26(e), recasting the expert report as supporting the alternative opinion that the fire may have been ignited by an electrical short consequent to the heating or electrical system being exposed to water leakage and concomitant corrosion, this would be too little to save the testimony from exclusion because the conclusion is nothing more than rank speculation. This theory

is not borne out by the whole of the experts' report or deposition testimony. Moreover, the purpose of supplementation is not to introduce wholly new opinions. See, e.g., Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998) (testimony of late-designated expert properly excluded); Keener v. United States, 181 F.R.D. 639, 642 (D. Mont. 1998) (expert limited to opinions expressed in initial disclosure and precluded from testifying on other matters set forth in "supplemental" disclosure).

Finally, if all this is not enough, Hartford takes the position that it was somehow hamstrung by Judge Almond because he did not allow for an evidentiary hearing in which the experts could explain and defend their opinion. But this misstates the record. Hartford never properly requested an evidentiary hearing as required by Local Rule CV 7(e). If Hartford planned to put forward an opinion that the fire may have been caused by an electrical arc or short, which was not the opinion proffered by the causation experts in their report or deposition testimony, it should have, as a practical matter, requested an evidentiary hearing prior to the hearing on Defendants' Motion. Further, when questioned at oral argument, counsel admitted that he did not request an evidentiary hearing from the clerk or Judge Almond. While it likely would have made no difference, Hartford cannot blame the Magistrate Judge for its own failure to follow proper procedures. See, e.g., Teamsters,

Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 20 n.4 (1st Cir. 1992) (by not requesting, under local District of Massachusetts rule, either an evidentiary hearing or oral argument, party "waived any entitlement to such further proceedings"); Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1120 (1st Cir. 1989) ("[W]e regularly turn a deaf ear to protests that an evidentiary hearing should have been convened but was not, where, as here, the protester did not seasonably request such a hearing in the lower court.").

In sum, the Court believes that Judge Almond correctly determined that the testimony of Hartford's causation experts should be excluded. In the absence of the testimony, no reasonable jury could find that the alleged defect in the water dispenser was the proximate cause of the house fire. Even if the Court were to allow the experts to testify to the relatively uncontroversial opinion that the alleged defect caused water leakage, such an opinion would only support a conclusion that the leakage resulted in water damage. For a jury to conclude that the leakage resulted in the ignition of a fire would require a logical leap not supported by the experts' report or subsequent testimony. Therefore, Hartford has not made a sufficient showing under Fed. R. Civ. P. 56(c) to preclude the entry of summary judgment for Defendants.

II. Defendants' Objection

Defendants objected to the Magistrate's recommendation that the Court allow the testimony of Hossein Davoodi, Hartford's origin expert. In light of the forgoing analysis, Defendants' objection is moot and need not be discussed further.

III. Conclusion

For the foregoing reasons, Hartford's Objection is DENIED and Defendants' Objection is DENIED as moot. The Court adopts Judge Almond's October 2, 2007 R&R in its entirety. Summary judgment is GRANTED in favor of Defendants on all counts.

IT IS SO ORDERED.

WESmith

William E. Smith
United States District Judge
Date: 12/6/07